WALDEN, Judge.
The State appeals from an order granting the defendant’s motion to suppress physical evidence.
Scotti was arrested after a high speed chase, contraband was seized, and he was charged in various counts with grand theft and possession of methadone and marijuana.
While the record in all of its aspects has been carefully considered, we believe that a recital of the minutiae would be of no help to the Bar, and so we are content to summarize our holding in this case.
This matter is divisible as concerns items seized from:
A. Pontiac automobile;
B. Lincoln automobile; and
C. Scotti’s dwelling.
Initially, the trial court denied the motion to suppress in toto. Thereafter the motion was reconsidered resulting in the appealed order which granted the motion as to the Pontiac and dwelling, and denied same as to the Lincoln.
We reverse the order insofar as it pertains to evidence seized from the Pontiac and affirm insofar as it pertains to evidence seized from the dwelling.
We first consider the search of the dwelling based upon a search warrant. Employing the standards found in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), we find that the content of the affidavit for the search warrant was insufficient to establish probable cause. The affidavit recited the hearsay statements of an identified informer who pinpointed defendant as a perpetrator in a burglary and as still in possession of the burglary proceeds. However, the affidavit offers no basis of personal knowledge on the part of the informer to explain the source of his information. The informer does not assert his personal participation in the burglary; nor that he witnessed the burglary; nor that he observed defendant in possession of stolen goods. Without this personal knowledge, the informer lacks Aguilar credibility. Nor does the informer supply sufficient details of facts and circumstances to render the information reliable under Aguilar. The surveillance conducted immediately precedent to the high speed chase suggested nothing incriminating nor even suspicious to corroborate the informer’s information, nor was there any other fact offered in the affidavit to slightly corroborate the hearsay. Thus, the application of the Spinelli test also renders this affidavit as an inadequate statement of probable cause. The affidavit being deficient, it therefore follows that the warrant was deficient, that the search pursuant thereto was unreasonable and that the evidence obtained thereby must be suppressed. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
As to the search of the Pontiac and subsequent seizure of evidence, we find that it was lawful even though Scotti has standing to attack it. United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). This is so because:
A. The officer had probable cause to stop the vehicle. State v. Hunt, 391 So.2d 760 (Fla. 5th DCA 1980); Wooten v. State, 385 So.2d 146 (Fla. 1st DCA 1980).
B. The methadone was lawfully seized from within the car because it was within the officer’s plain view. State v. Hughes, 375 So.2d 615 (Fla. 3d DCA 1979).
C. The marijuana seized as a result of the search of the car trunk was proper for either or all of the following reasons:
*773 1. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) permits such a search when police officers have legitimately stopped an automobile and have probable cause to believe that contraband is concealed somewhere within it. The officers may therefore conduct a warrantless search of a vehicle that is as thorough as a magistrate could authorize by warrant.
2. This search also was an inventory search. The Pontiac was blocking the street and its occupants remained silent making it impossible for the officers to follow the procedures outlined in Miller v. State, 403 So.2d 1307 (Fla.1981).
3. The police were also entitled to seize the Pontiac pursuant to Florida’s forfeiture statute § 932.703 and conduct a subsequent search. See also, Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967).
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
ANSTEAD, J., concurs.
HURLEY, J., concurs in part and dissents in part.