530 So.2d 1089 (1988)
STATE of Florida, Appellant,
v.
Curtis Rene JARRETT, Appellee.
No. 87-1346.
District Court of Appeal of Florida, Fifth District.
September 15, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellant.
No Appearance, for appellee.
*1090 DANIEL, Judge.
The state has taken this appeal from the order of the trial court which granted defendant Curtis R. Jarrett's motion to suppress three kilograms of cocaine which had been seized from the trunk of his automobile pursuant to a warrantless search of the automobile. For the reasons which follow, we reverse.
On August 29, 1986, while on routine patrol on the Florida Turnpike, Florida Highway Patrol Trooper Edwin Santiago observed defendant's automobile weaving in and out of traffic and, after following the automobile for slightly less than a mile, Trooper Santiago directed defendant to pull his automobile to the side of the roadway because it appeared to him that defendant was drunk. As Trooper Santiago approached defendant's automobile, he detected an odor of burnt cannabis emanating from the automobile. The trooper immediately administered to defendant the Miranda warnings[1] and indicated to defendant that, since he had detected the odor of burnt cannabis, he intended to search the automobile for cannabis. At that point, defendant reached into the automobile, removed a clear plastic bag containing a green leafy substance, which was later identified as cannabis, and handed the bag to the trooper. Trooper Santiago immediately placed defendant under arrest and commenced a search of the automobile. In the trunk of the automobile the trooper discovered a cardboard box containing three kilograms of cocaine.
Defendant was taken into custody and subsequently charged with one count of selling, possessing or delivering four hundred grams or more of cocaine in violation of section 893.135(1)(b)(3), Florida Statutes (1985), and one count possession of cannabis in violation of section 893.13(1)(f), Florida Statutes (1985). Defendant entered a plea of not guilty to both charges and filed a motion to suppress the cocaine[2] on the grounds that the stop of his automobile was unlawful, and that the search of the trunk of his automobile was unlawful. The trial court, following an evidentiary hearing, entered an order which granted defendant's motion to suppress the cocaine, specifically finding that, although the stop of defendant's automobile was proper, Trooper Santiago lacked probable cause to search the trunk. Defendant thereafter withdrew his plea of not guilty and entered a plea of guilty to the charge of possession of cannabis. The state timely filed this appeal.
The sole issue raised by the state on appeal is whether it was error for the trial court to conclude that Trooper Santiago lacked probable cause to conduct a warrantless search of the trunk of defendant's automobile. The state contends that, since Trooper Santiago detected the odor of burnt cannabis emanating from defendant's automobile, Trooper Santiago had probable cause to search the entire automobile. We agree and, therefore, are constrained to reverse the order of the trial court.
The Supreme Court of the United States, in the case of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 284, 69 L.Ed. 543 (1925), held that "if the search and seizure [of an automobile] without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." Thus, the law is clear that a police officer is authorized to conduct a warrantless search of an automobile when the police officer has probable cause to believe that the automobile contains contraband. The Supreme Court further held, in the case of United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982), that, "if probable cause justifies the search of a lawfully stopped automobile, it justifies a search of every part of the automobile and its contents that may conceal the object of the search." (emphasis supplied). *1091 See also Wells v. State, 492 So.2d 1375 (Fla. 5th DCA 1986).
The record in the instant case establishes that Trooper Santiago had probable cause to believe that defendant's automobile contained contraband since, as he approached the automobile, he detected the odor of burnt cannabis emanating from the automobile. See State v. Langer, 516 So.2d 310 (Fla. 3d DCA 1987); State v. Wells, 516 So.2d 74 (Fla. 5th DCA 1987). It necessarily follows, therefore, that based upon this probable cause Trooper Santiago was authorized to conduct a warrantless search of defendant's automobile and, under Ross, this authority to search included the authority to search the trunk of the automobile. See State v. Bennett, 481 So.2d 971 (Fla. 5th DCA 1986); State v. Scotti, 428 So.2d 771 (Fla. 4th DCA 1983). Accordingly, the order of the trial court which granted the motion to suppress the cocaine seized from the trunk of defendant's automobile is reversed and this case remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COWART, J., concurs.
COBB, J., concurs specially with opinion.
COBB, Judge, concurring specially:
The record in the instant case reveals that the trial judge accepted as factually true the testimony of Trooper Santiago that he "smelled burning marijuana"  therefore, the judge found that "he had probable cause to search for it." Having found such probable cause to search, the trial judge erroneously concluded that Ross provided "no legal basis for entering the trunk." In other words, we are reviewing a legal, not a factual, determination by the trial judge, who misinterpreted Ross and apparently applied the doctrine of the earlier case of Robbins v. California, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981), which was superseded by Ross.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Defendant did not file a motion to suppress the cannabis.