793 So.2d 976 (2001)
Kellen Lee BETZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1346.
District Court of Appeal of Florida, Second District.
January 24, 2001.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.

ORDER
CASANUEVA, Judge.
Kellen Lee Betz appeals his conviction for felony possession of marijuana, arguing that the trial court erred in denying his dispositive motion to suppress. At issue are two separate packages of marijuana-one found when Mr. Betz was frisked and the other found in a metal box, inside a briefcase, when the trunk of his car was searched. We affirm the denial of the motion to suppress as to the drugs found on Mr. Betz's person. The search of the trunk was illegal, however, and the trial court should have suppressed the evidence stemming from that search.
*977 In the early evening hours of March 9, 1998, Mr. Betz was driving a red Pontiac Fiero when two City of Clearwater officers on routine patrol observed that the Fiero's left headlight was extinguished and stopped the vehicle. Mr. Betz quickly exited the car, closing the door behind him, and awaited the police officer. While asking Mr. Betz for his driver's license, the officer smelled a "very strong odor of marijuana coming directly out" of the rolled-down window of the Fiero. He also observed grey smoke in the vehicle. From experience, the officer was familiar with the smell of burning marijuana. When he then noticed the marijuana odor emanating from Mr. Betz's shirt, the officer advised Mr. Betz that he was about to search the Fiero's trunk. Before doing so the officer patted down Mr. Betz for weapons and contraband. He felt a long, cylindrical, hard object between four to six inches long which he could hear crinkling and rustling as he grabbed it. As the officer expected, the object, when seized, proved to be a plastic baggie containing some green plant matter that looked and smelled like marijuana. The officer placed Mr. Betz under arrest, searched the car and, ultimately, the trunk. Inside the trunk was a briefcase; inside the briefcase was a metal box; and inside the metal box was a second bag of marijuana. The first bag weighed approximately 12.6 grams and the second approximately 10.7 grams.
We first resolve the matter of the search of Mr. Betz's person. The Fiero was validly stopped for an extinguished headlight. See Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Once the experienced officer detected the smell of cannabis emanating from the car's interior as well as from Mr. Betz's clothing, he had probable cause to search Mr. Betz and the interior of the car for contraband and weapons. See New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); State v. Smith, 662 So.2d 725 (Fla. 2d DCA 1995); Chapas v. State, 404 So.2d 1102 (Fla. 2d DCA 1981). The Fifth District held as follows in State v. Wells, 516 So.2d 74, 75 (Fla. 5th DCA 1987):
The mere possession of marijuana is illegal. When a police officer who knows the smell of burning marijuana detects that odor emanating from a vehicle, or from a person who has recently exited a vehicle, he has probable cause to believe that a crime has been committed and that such person committed it. This probable cause authorizes the warrantless arrest of such person and a warrantless search, either before or after the arrest, of the passenger compartment of the vehicle, and closed containers therein, for evidence of the crime.
See also State v. Wynn, 623 So.2d 848 (Fla. 2d DCA 1993); State v. Bowden, 538 So.2d 83 (Fla. 2d DCA 1989); State v. Boyle, 326 So.2d 225 (Fla. 2d DCA 1976). Accordingly, we hold that the officer's search of Mr. Betz was lawful and affirm on this point.
The search of the trunk, however, was illegal. No facts articulated by the officer suggested that he had probable cause to believe that Mr. Betz had concealed additional contraband in the trunk, and without those additional facts a search of the trunk was unreasonable under the Fourth Amendment. The limitation on the extent of the search is an important part of the United States Supreme Court's Fourth Amendment jurisprudence. In United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), while authorizing the search of containers within automobiles that the police legitimately suspect contain contraband, the Court warned that the "scope of a warrantless search of an automobile ... is defined by the object of the search and the places in which there is *978 probable cause to believe that it may be found.... Probable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab." 456 U.S. at 824, 102 S.Ct. 2157. Similarly, here, probable cause to believe the passenger compartment of the vehicle contained contraband did not justify a search of the trunk or of the containers within it.
This limitation was reiterated in California v. Acevedo, 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991). In that case the police had probable cause to believe that a paper bag in the trunk of the defendant's automobile contained marijuana. The Court cautioned, however, that the "police did not have probable cause to believe that contraband was hidden in any other part of the automobile and a search of the entire vehicle would have been without probable cause and unreasonable under the Fourth Amendment." 500 U.S. at 580, 111 S.Ct. 1982. By analogy, in this case the officer's search of Mr. Betz's trunk was invalid for lack of probable cause.[1]
As an alternative, the State has contended that the search of the trunk was legal because the contraband would have ultimately been discovered through an inventory search. This theory is of no avail, however, because the record fails to establish either that an inventory search actually occurred or that, under these circumstances, a search complying with departmental or other regulations would have been performed. See Patty v. State, 768 So.2d 1126 (Fla. 2d DCA 2000). Furthermore, the State has made no additional showing that the drugs would have been inevitably discovered by law enforcement through other lawful means. See Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); State v. Duggins, 691 So.2d 566 (Fla. 2d DCA 1997). Thus, neither an inventory search nor an inevitable discovery theory can validate the search of the trunk in this case.
Accordingly, we reverse that part of the trial court's order denying the motion to suppress the drugs found in the trunk but affirm as to the drugs found on Mr. Betz's person. Because the State charged Mr. Betz with possession of an aggregate amount of drugs, we remand for correction of the order of probation to reflect that Mr. Betz has been adjudicated guilty of possession of not more than twenty grams of cannabis, a misdemeanor of the first degree, in violation of section 893.13(6)(b), Florida Statutes (1997), and for resentencing for the reduced charge.
Affirmed in part; reversed in part; remanded with instructions.
THREADGILL, A.C.J., and STRINGER, J., concur.
NOTES
[1] The State's reliance on State v. Jarrett, 530 So.2d 1089 (Fla. 5th DCA 1988), decided prior to California v. Acevedo, 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991), is unpersuasive.