815 So.2d 627 (2002)
STATE of Florida, Petitioner,
v.
Kellen Lee BETZ, Respondent.
No. SC01-319.
Supreme Court of Florida.
April 4, 2002.
*628 Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, and Richard M. Fishkin, Assistant Attorney General, Tampa, FL, for Petitioner.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Respondent.
LEWIS, J.
We have for review Betz v. State, 793 So.2d 976 (Fla. 2d DCA 2001), which expressly and directly conflicts with the decision of the Fifth District Court of Appeal *629 in State v. Jarrett, 530 So.2d 1089 (Fla. 5th DCA 1988). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

Facts and Procedural History
The pertinent facts in the instant case were recited in the opinion of the Second District Court of Appeal below:
In the early evening hours of March 9, 1998, Mr. Betz was driving a red Pontiac Fiero when two City of Clearwater officers on routine patrol observed that the Fiero's left headlight was extinguished and stopped the vehicle. Mr. Betz quickly exited the car, closing the door behind him, and awaited the police officer. While asking Mr. Betz for his driver's license, the officer smelled a "very strong odor of marijuana coming directly out" of the rolled-down window of the Fiero. He also observed grey smoke in the vehicle. From experience, the officer was familiar with the smell of burning marijuana. When he then noticed the marijuana odor emanating from Mr. Betz's shirt, the officer advised Mr. Betz that he was about to search the Fiero's trunk. Before doing so, the officer patted down Mr. Betz for weapons and contraband. He felt a long, cylindrical, hard object between four and six inches long which he could hear crinkling and rustling as he grabbed it. As the officer expected, the object, when seized, proved to be a plastic baggie containing some green plant matter that looked and smelled like marijuana. The officer placed Mr. Betz under arrest, searched the car and, ultimately, the trunk. Inside the trunk was a briefcase; inside the briefcase was a metal box; and inside the metal box was a second bag of marijuana.
793 So.2d at 977. Before trial, Betz sought to suppress both the marijuana seized from his person (12.6 grams) and his automobile's trunk (10.7 grams). See id. at 976-77. The trial court, however, denied his motion with regard to both quantities of marijuana. See id. at 976. Following this ruling, Betz entered a plea of nolo contendere to the charges. Based upon the aggregate amount of the controlled substance seized, Betz was convicted of felony possession of marijuana. See id.
Betz appealed the trial court's dispositive suppression ruling to the Second District Court of Appeal. The appellate court affirmed the trial court's denial of the motion to suppress the marijuana seized from Betz's person, holding that "[o]nce the experienced officer detected the smell of cannabis emanating from the car's interior as well as from Mr. Betz's clothing, he had probable cause to search Mr. Betz and the interior of the car for contraband and weapons." Id. The court, however, reversed the trial court's decision not to suppress the marijuana seized from the automobile's trunk. See id. Based upon limitations it interpreted from United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), and California v. Acevedo, 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991), the district court below held that "probable cause to believe the passenger compartment of the vehicle contained contraband did not justify a search of the trunk or of the containers within it." 793 So.2d at 978. Thus, the Second District deemed the search of the trunk illegal. Additionally, the court below discounted the precedential value of State v. Jarrett, 530 So.2d 1089 (Fla. 5th DCA 1988), as it was decided prior to Acevedo. See 793 So.2d at 978 n. 1.
In accordance with its holding regarding the suppression of the quantity of marijuana seized from the trunk of Betz's car, the district court below remanded for correction of Betz's order of probation and resentencing. See id. On the basis of the *630 conflict between the Second District's decision here and the holding of Jarrett, the State petitioned this Court for discretionary review of the decision below. We accepted jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. See State v. Betz, 791 So.2d 1101 (Fla. 2001).

Conflict
In 1988, the Fifth District Court of Appeal addressed the search of an automobile trunk under circumstances very similar to those of the instant case in State v. Jarrett, 530 So.2d 1089 (Fla. 5th DCA 1988). There, the police officer searched the entire vehicle (including the trunk) based upon his having smelled the odor of burnt marijuana emanating from the auto, as well as his seizure of a bag of cannabis from the passenger compartment. See id. at 1090. The district court approved the search of the trunk, stating:
The record in the instant case establishes that Trooper Santiago had probable cause to believe that defendant's automobile contained contraband since, as he approached the automobile, he detected the odor of burnt cannabis emanating from the automobile. It necessarily follows, therefore, that based upon this probable cause Trooper Santiago was authorized to conduct a warrantless search of defendant's automobile and, under Ross, this authority to search included the authority to search the trunk of the automobile.
Id. at 1091 (citations omitted). Clearly, the Jarrett court was of the opinion that the odor of burnt marijuana alone provided police officers probable cause to search the entire automobile.
In the instant case, the Second District produced an entirely opposite result. In its decision below, the court held that the search of Betz's trunk was illegal. See Betz, 793 So.2d at 977. This ruling was principally based upon the United States Supreme Court's Acevedo opinion-in fact, the court below explicitly held:
In that case [Acevedo] the police had probable cause to believe that a paper bag in the trunk of the defendant's automobile contained marijuana. The Court cautioned, however, that the "police did not have probable cause to believe that contraband was hidden in any other part of the automobile and a search of the entire vehicle would have been without probable cause and unreasonable under the Fourth Amendment." By analogy, in this case the officer's search of Mr. Betz's trunk was invalid for lack of probable cause.
Id. (citation omitted) (quoting Acevedo, 500 U.S. at 580, 111 S.Ct. 1982). Clearly, the Second District concluded that the odor of burnt marijuana provides probable cause to search only the passenger compartment of an automobile, but does not provide a basis to extend the search to the trunk of the vehicle. In addition, the court below expressed its view in a footnote that Jarrett had been impliedly overruled by the Supreme Court's Acevedo holding. See id. at 978 n. 1.
It is eminently clear that these two holdings cannot be reconciled. On strikingly similar facts, the two district courts of appeal have produced conflicting results regarding the propriety of the search of an automobile trunk. In addition, the Betz decision rests, at least in part, upon an interpretation that Jarrett has been overruled by Acevedo. Thus, we apply this Court's conflict jurisdiction to reconcile the direct and explicit conflict here, as well as to clarify law enforcement's boundaries within the automobile exception to the Fourth Amendment's warrant requirement.

*631 United States Supreme Court Jurisprudence

As we are required to follow the United States Supreme Court's interpretations of the Fourth Amendment,[1] it is important at the outset to analyze the limited occasions upon which the United States Supreme Court has spoken regarding the automobile exception to the warrant requirement. There are three principal cases which impact the question presented here.
In 1925, Chief Justice Taft penned the opinion of the Court in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Faced with a situation in which federal prohibition agents had stopped and searched the automobile of suspected bootleggers without a warrant, the Court held:
[T]he true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid.
Id. at 149, 45 S.Ct. 280. With this opinion, the Court created what has become known as the automobile exception to the warrant requirement. The Court concluded that because probable cause existed, the government agents could search "behind the upholstering of the seats" for contraband. Id. at 136, 45 S.Ct. 280. As the opinion did little to elaborate upon the scope and limitations upon the exception,[2] the actual definition of the exception remained extraordinarily unclear.
Probably the most important decision of the United States Supreme Court for guidance in the instant action is United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). First, the Court established there the scope of the Carroll automobile exception to the warrant requirement. The Court stated, "The scope of a warrantless search based on probable cause is no narrowerand no broader than the scope of a search authorized by a warrant supported by probable cause." Id. at 823, 102 S.Ct. 2157. Indeed, the scope of a warrantless search of a car "is defined by the object of the search and the places in which there is probable cause to believe that it may be found." Id. at 824, 102 S.Ct. 2157. Thus, the crux of the Ross holding was that it is the extent of the law enforcement officer's probable cause in each particular situation that defines the permissible magnitude of the warrantless search.
After defining the scope of the automobile exception in the broad fashion described above, Justice Stevens specifically addressed two seemingly recurrent factual scenarios within the Ross opinion. First, he spoke to the situation in which law enforcement officers have probable cause to search a specific item or container, which is eventually placed within an automobile. In this setting, "[p]robable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab." Id. Thus, when probable cause only concerns one specific item and the police know where that item is within *632 the automobile, their warrantless search cannot extend to other areas of the car.
The second facet of the Ross opinion addresses the situation in which more generalized probable cause to search an automobile is possessed by the police. In this type of situation, the police do not know where the contraband is contained within the car, but they only have probable cause to believe that it is within the confines of the vehicle. Faced with this situation, the Court stated that "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." Id. at 825, 102 S.Ct. 2157.
Finally, in 1991 the Supreme Court further refined the law in this area with its decision in California v. Acevedo, 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991). The Court reaffirmed the first facet of Ross by holding that where police officers knew that contraband had been placed in the trunk of a vehicle, while they could open the container within which the contraband had been secreted, their probable cause to search for that contraband did not extend beyond the trunk area to the rest of the vehicle. See id. at 580, 102 S.Ct. 2157. Specifically, the Court stated that "[t]he facts in the record reveal that the police did not have probable cause to believe that contraband was hidden in any other part of the automobile and a search of the entire vehicle would have been without probable cause and unreasonable under the Fourth Amendment." Id. However, nowhere in the opinion did the Court restrict the other component of its prior Ross holding.[3] Thus, we conclude that the legitimate scope of the power of police officers to search an entire automobile, based upon the Ross generalized probable cause to do so, was not altered by the United States Supreme Court's Acevedo opinion.

Analysis
It is our view that Acevedo did not speak directly on the issue before us today, so we must conclude the district court misapplied Acevedo in its decision below. As previously noted, the Supreme Court's Acevedo opinion addressed the situation in which police officers suspected that a certain compartment or area of a motor vehicle contained contraband. See Acevedo, 500 U.S. at 580, 111 S.Ct. 1982. In that scenario, "[p]robable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab." Id. The Supreme Court, however, did not speak on the situation in which the police officer has probable cause to believe the car contains contraband, but does not know precisely where it is secreted within the vehicleprecisely the issue before us today. As the court below held that Acevedo had impliedly overruled Jarrett,[4] it clearly misinterpreted *633 Acevedo and applied this misconception to the instant case.
As Acevedo is inapposite here, the United States Supreme Court opinion most applicable to the facts before us is the Ross decision. There, the Supreme Court stated, "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of that vehicle and its contents that may conceal the object of the search." 456 U.S. at 825, 102 S.Ct. 2157. Certainly, the broad statements contained in the Supreme Court's Ross opinion guide our decision here. Indeed, the Court's pronouncements in Ross alone could dictate a conclusion in the instant case.
In the cause before us, however, we need not address whether Ross alone compels that we quash the decision of the district court below. An examination of Supreme Court jurisprudence reveals a decidedly broad definition of when law enforcement officers have the authority to engage in a warrantless search:
Probable cause exists where "the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.
Brinegar v. United States, 338 U.S. 160, 175-76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949) (quoting Carroll, 267 U.S. at 162, 45 S.Ct. 280); see also Berger v. New York, 388 U.S. 41, 55, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967). Applying this principle, we conclude that the police officer here had probable cause to search both the passenger compartment and the trunk of Betz's automobile. First, of course, Officer Harrold smelled "a very strong odor of marijuana coming directly out" of the respondent's car window. As the odor of previously burnt marijuana certainly warranted a belief that an offense had been committed, this unquestionably provided the police officers on the scene probable cause to search the passenger compartment of the respondent's vehicle. See Ross, 456 U.S. at 825, 102 S.Ct. 2157; see also State v. Reed, 712 So.2d 458, 460 (Fla. 5th DCA 1998) ("[T]o a trained and experienced police officer, the smell of cannabis emanating from a person or a vehicle gives the police officer probable cause to search the person or the vehicle.").
In addition to the marijuana odor, Officer Harrold testified that Betz attempted to draw him away from the vehicle by exiting the vehicle and approaching him before he could reach the rear of Betz's auto. Betz also became extremely "nervous" and "jittery" during his presearch interaction with Officer Harrold. When the police officer attempted to patdown search the respondent, he pushed off of the car two times during the frisk twice acting in an extraordinarily suspicious manner. Finally, during his frisk of the respondent, Officer Harrold found and confiscated a storage bag containing marijuana. Considering the totality of the circumstances presented to the police here, we conclude that Officer Harrold possessed probable cause to search the entirety of the respondent's automobile, including the trunk.
Our conclusion here aligns this Court with a number of our sister jurisdictions in which courts have concluded that the smell of burnt marijuana, in combination with other circumstances, leads to law enforcement officers' possession of probable cause to search the entirety of a motor vehicle.[5] *634 In State v. Longo, 608 N.W.2d 471 (Iowa 2000), the Iowa Supreme Court concluded:
We are convinced that in the present case other suspicious factors such as the inconsistent stories told by the suspects and Newlin's suspicious demeanor raised the level of suspicion sufficiently high to constitute probable cause for a search of the entire vehicle, including the trunk area.
Id. at 474. Likewise, the Maine Supreme Judicial Court deemed the combination of the smell of burnt marijuana and furtive behavior by an automobile's occupants circumstances presenting probable cause to search the whole vehicle. See State v. Ireland, 706 A.2d 597, 601 (Me.1998); see also Speight v. United States, 671 A.2d 442, 453 (D.C.1996) (holding that an informant's tip and the smell of PCP emanating from an automobile resulted in probable cause to search the vehicle's trunk).
Additionally, two United States Courts of Appeals have evaluated probable cause determinations in the same fashion as we do in the instant case.[6] In United States v. Mans, 999 F.2d 966 (6th Cir.1993), the court held that the odor of a marijuana cigarette on the defendant's person, coupled with a large sum of cash, provided the police officers with probable cause to search the whole vehicleincluding the trunk area. See id. at 969. Likewise, the District of Columbia Circuit Court of Appeals concluded that the odor of burnt marijuana, combined with the officer's observation of torn pieces of cigar tobacco and green plant matter in the car's passenger compartment, resulted in probable cause to search the entirety of the vehicle. See United States v. Turner, 119 F.3d 18, 19 (D.C.Cir.1997).
In Connor v. State, 803 So.2d 598 (Fla.2001), we held that appellate courts must accord trial court rulings on motions to suppress "a presumption of correctness... with regard to the ... determination of historical facts." Id. at 608. However, "mixed questions of law and fact that ultimately determine constitutional issues" are subject to independent review. Id. Having performed this review, we conclude that the trial court was correct in its determination that none of the evidence seized from the respondent's vehicle should be suppressed based upon a violation of the Fourth Amendment to the United States Constitution.

Conclusion
Based upon the foregoing, we hold that based upon the totality of the circumstances within the perception of the law enforcement officers in the instant case, probable cause to search the entirety of the respondent's vehicle existed. Therefore, we quash the Second District's decision below. Additionally, we approve the result reached by the Fifth District Court *635 of Appeal in State v. Jarrett, 530 So.2d 1089 (Fla. 5th DCA 1988).
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and QUINCE, JJ., concur.
NOTES
[1] See art. I, § 12, Fla. Const; Bernie v. State, 524 So.2d 988, 990-91 (Fla.1988).
[2] The closest the Court came to defining the outer limits of the exception was when it stated: "In cases where a seizure is impossible except without warrant, the seizing officer acts unlawfully and at his peril unless he can show the court probable cause." Carroll, 267 U.S. at 156, 45 S.Ct. 280.
[3] In fact, in its opinion the Court specifically overruled portions of Robbins v. California, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981), dealing with the opening of sealed containers. It did not, however, strike the portion of the Robbins opinion allowing the police to search the entire vehicle (and open a sealed luggage compartment) based upon general probable cause. See also United States v. Gonzalez, 71 F.3d 819, 825 (11th Cir.1996) (comparing the permissible scope of warrantless search when probable cause exists to believe contraband is secreted at an unspecified location within the vehicle against the scope of a warrantless search when probable cause to believe contraband is located in a specific area of the automobile is possessed by the police).
[4] The Second District specifically stated: "The State's reliance on State v. Jarrett, decided prior to California v. Acevedo, is unpersuasive." 793 So.2d at 978 n. 1. (citations omitted).
[5] We note, however, that there is no nationwide consensus on the issue. Some jurisdictions have concluded that the odor of burnt marijuana gives rise to probable cause to search the entirety of a motor vehicle, even absent additional suspicious circumstances. See, e.g., People v. Kazmierczak, 461 Mich. 411, 605 N.W.2d 667 (2000); Harrison v. State, 7 S.W.3d 309 (Tex.App.2000). Also, the Utah Court of Appeals and the United States Court of Appeals for the Tenth Circuit have concluded that while the smell of burnt marijuana alone does not provide probable cause to search an entire automobile, the odor of raw marijuana does provide such probable cause. See State v. Wright, 977 P.2d 505 (Utah Ct.App.1999); United States v. Downs, 151 F.3d 1301 (10th Cir.1998).
[6] Again, we must observe that even the federal courts of appeals do not agree on this issue. See United States v. McSween, 53 F.3d 684, 687 (5th Cir.1995) (holding that "the detection of the odor of marihuana justifies `a search of the entire vehicle'") (quoting United States v. Reed, 882 F.2d 147, 149 (5th Cir. 1989)); see also United States v. McCoy, 200 F.3d 582, 584 (8th Cir.2000).