889 So.2d 999 (2004)
STATE of Florida, Appellant,
v.
David Perry STONE, Appellee.
No. 5D04-630.
District Court of Appeal of Florida, Fifth District.
December 23, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellant.
Joerg F. Jaeger of Jaeger Blankner, Orlando, for Appellee.
PETERSON, J.
The State of Florida appeals an order suppressing evidence of a concealed firearm possessed by David Perry Stone after a police officer stopped him for riding his bicycle at night without lights.
A police officer stopped Stone for riding his bicycle without lights at 3:30 a.m. and asked him for identification. The officer examined the identification and when returning it asked Stone whether he possessed any weapons or drugs. Stone admitted that he had a gun on his hip.
Stone does not challenge the initial stop for absence of proper lighting on his bicycle, but he contends that the police officer exceeded the scope of a valid stop and prolonged his detention excessively and unconstitutionally when, after determining that he had no outstanding warrants for his arrest, the officer did not advise him that he was free to leave. Relying on cases which hold that a traffic stop must last no longer than the time it takes to write a traffic citation, Stone further contends that the police officer's continued detention of him was unconstitutional because the stop took longer than necessary and because there was no founded suspicion or additional circumstances upon which the officer could rely to further detain him for a search for weapons or drugs. The trial court agreed and found *1000 that Stone's detention lasted longer than was reasonably necessary to issue a citation or warning and that no additional facts were put forth to justify the continued detention and granted the motion to suppress from which the State appeals.
We disagree with the trial court, vacate the order of suppression and remand for further proceedings for the following reasons:
1. The police officer was under no obligation to inform Stone that he was free to go when he was handed back his identification. See Ohio v. Robinette, 519 U.S. 33, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996) (holding the Fourth Amendment does not require that lawfully-seized detainee be advised that he is "free to go" before his consent to search will be recognized as voluntary).
2. It cannot be said that the stop of Stone was prolonged in any meaningful sense merely because the police officer asked a single question about whether Stone was in possession of weapons or drugs. See id. (recognizing that deputy sheriff who had prolonged custody to ask lawfully seized detainee whether he was carrying any drugs or weapons was not unconstitutional, even though the questioning extended the duration of the stop); see also U.S. v. Shabazz, 993 F.2d 431 (5th Cir.1993) (holding that an officer does not violate the Fourth Amendment by asking questions unrelated to the traffic stop so long as the traffic stop is not unduly prolonged as a result, as mere questioning is neither a search nor a seizure). Cf. Maxwell v. State, 785 So.2d 1277 (Fla. 5th DCA 2001) (holding police officer unreasonably delayed writing speeding ticket, which gave drug sniffing dog unit time to arrive and search defendant's car, where officer asked defendant over 50 questions during stop, including where he had worked and questions about drugs and weapons, and where officer made no attempt to finish writing ticket once he had necessary information).
3. Checking law enforcement data banks for outstanding warrants after a stop is a procedure employed by police officers that does not require any action on the part of the detainee, is performed quickly by electronic means and is not constitutionally invasive of the privacy rights of the detainee.
4. Stone volunteered the information that he carried a concealed weapon.
SUPPRESSION ORDER VACATED; REMANDED.
SAWAYA, C.J., and MONACO, J., concur.