PER CURIAM.
Appellant, Raymond Kimball, challenges the trial court’s denial of his motion to suppress a quarter to a half-pound of marijuana located in the trunk of a car in which he was the passenger. We affirm.
During the evidentiary hearing on Appellant’s motion to suppress, the following facts were adduced. A sheriffs deputy stopped the car in which Appellant and a co-defendant were driving because it was traveling 78 mph in a 70 mph zone, following too closely, and, earlier that day, he received a BOLO for the car from the Florida Highway Patrol. The BOLO was based on an anonymous tip and described a 2001 Dodge Neon with a particular tag number, and advised that a large amount of ecstasy, marijuana, and a gun would be in the car.
The Deputy testified the BOLO gave no probable cause, and he stopped the car for speeding. When the car veered off the road, the deputy saw a large dog and several people inside the car moving around. He drew his gun due to the excessive movement of the passengers and the BOLO advice of a gun in the car. When he approached the vehicle, he made contact via the passenger’s side. Appellant was the front passenger. The deputy “immediately smelled the odor of raw marijuana emitting from the vehicle.” Based on his training and experience he is familiar with the smell of raw marijuana. He had made more than a thousand traffic stops in less than 18 months, and in 60% to 70% of those stops, had found drugs, and he had smelled “raw” marijuana in “well over a hundred” of those stops.
*37 When back-up arrived, the driver was removed from the vehicle, taken into custody, and 18.2 grams of marijuana wrapped in a baggie was discovered on his person. After the driver was placed in a police car, the other occupants were removed. The deputy placed them “in handcuffs and detained them for investigation due to the strong odor of the marijuana emitting from the vehicle.”
No illegal substances were found when the officers searched the vehicle’s interior, and no contraband was found on Appellant’s person. The officers then searched the trunk. There was a strong odor of marijuana emitting from the trunk once it was opened. The officers discovered a duffel bag, a quarter to a half-pound of marijuana and MDMA, or ecstasy tablets inside the duffel bag, and a .32 caliber Smith & Wesson pistol, which was loaded, inside a locked suitcase.
The deputy testified that, before the driver was searched, the deputy did not know who may have the marijuana he smelled in the car, or where it might be located. The marijuana odor from the trunk was noted only after the trunk was opened.
In search and seizure cases, Florida courts are required to follow the United States Supreme Court’s interpretation of the Fourth Amendment. See State v. Betz, 815 So.2d 627 (Fla.2002). Probable cause exists to engage in a warrantless search where “the facts and circumstances within [the officers’] knowledge ... [are] sufficient in themselves to warrant” the belief that an offense has been or is being committed: Id. at 633 (quoting Brinegar v. United States, 338 U.S. 160, 175-76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)).
The scope of a warrantless search of a car is no broader or narrower than the scope of a search authorized by a warrant supported by probable cause. See United States v. Ross, 456 U.S. 798, 823, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). The scope is defined by the object of the search and the places in which there is probable cause to believe it may be found. See id. at 824, 102 S.Ct. 2157. “If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.” Id. at 825, 102 S.Ct. 2157.
An officer’s detection of the smell of marijuana coming out of a vehicle provides probable cause to search the passenger compartment of a vehicle. See Betz, 815 So.2d at 633 (citing Ross, 456 U.S. at 825, 102 S.Ct. 2157). Marijuana found following the frisk of a vehicle occupant, combined with furtive behavior by the vehicle occupants provides probable cause to search the entire vehicle, including the trunk. See id. at 634 (citations omitted).
Here, the strong odor of “raw” marijuana coming from the vehicle when the deputy arrived at the passenger window provided probable cause to search. The fact that a search of the driver revealed only a small quantity of marijuana on his person, coupled with the “excessive” or furtive movement of the other vehicle occupants after being stopped, and the strong order of “raw” marijuana still being present, resulted in the totality of the circumstances providing probable cause for the deputy to believe additional marijuana was located in the vehicle, permitting him to search the entire vehicle, including the trunk, as it was reasonable to believe the additional marijuana could be found there. Because the deputy had probable cause to search the trunk, the trial court did not err by denying the motion to suppress. The trial court is AFFIRMED.
*38 HAWKES and THOMAS, JJ., concur; ERVIN, III, RICHARD W., Senior Judge, dissents with opinion.