ERVIN, III, RICHARD W., Senior Judge,
dissenting.
I would reverse the order denying the motion to suppress and remand the case with directions for appellant to be discharged from custody. The majority’s opinion does not mention language in State v. Betz, 815 So.2d 627, 631 (Fla.2002), which, following United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), limits the scope of the search only to the parts of the vehicle where the searching officers have probable cause to believe contraband is located. Thus, as later explained by the Court in California v. Acevedo, 500 U.S. 565, 580, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991), once police officers are provided reliable information that contraband has been placed in a specific area of a vehicle, their right to search does not extend beyond such confines. It is important to note that neither Ross nor Betz laid down any broad, “bright line” rules defining the extent of an officer’s search; rather, as the Betz court noted, it is “the law enforcement officer’s probable cause in each particular situation that defines the permissible magnitude of the warrantless search.” Betz, 815 So.2d at 631.
The majority approves the search in the present case under the second “factual scenario” discussed in Betz, ie., a situation in which the officer has “generalized probable cause” to believe the contraband is located somewhere inside the automobile, thereby furnishing probable cause to “search ... every part of the vehicle and its contents that may conceal the object of the search.” Ross, 456 U.S. at 825, 102 S.Ct. 2157. In my opinion, the particular facts of the present case did not authorize the sheriffs deputy the right to extend the scope of the search to the trunk of the automobile once marijuana was found on the person of the driver. The search was motivated, according to the deputy, by the odor of marijuana emanating from the interior of the car. The later search of the driver’s person produced only a small amount of marijuana. This discovery provided at most probable cause to search the interior of the car and the remaining occupants, yet, no other illegal substance was then found. At that point, I consider, based on the instructions of Ross and Acevedo, the officer’s probable cause to search further for contraband ended and could not be extended to the trunk of the car. The officer admitted he did not detect the odor of marijuana coming from inside the trunk until after it was opened. Given the narrow circumstances of this case, I cannot agree that the facts justified the generalized search which took place, and, as stated, I would reverse.