# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1188
LT Case No. 2022-CF-007980-A

_____

TAMARA ANNE HOEHAVER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Duval County.
Jeb T. Branham, Judge.

Matthew J. Metz, Public Defender, and Allison A. Havens,
Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, and Kristie Regan, Assistant
Attorney General, Tallahassee, for Appellee.

June 28, 2024


HARRIS, J.

On August 16, 2022, Detective Clayburne Bridge of the
Jacksonville Sheriff's Office conducted a routine traffic stop along
I-95 in Duval County, Florida. Upon approaching the vehicle,
Detective Bridge smelled the odor of burnt marijuana coming from
inside the vehicle. He asked all occupants of the vehicle if they
possessed a medical marijuana card or had hemp in the vehicle, to

which they all replied in the negative. Detective Bridge subsequently searched the vehicle and found a lunchbox in the back seat. That lunchbox, ultimately determined to belong to Tamara Hoehaver, a rear seat passenger, contained fentanyl. Hoehaver was arrested, and a search of her person incident to that arrest yielded a plastic bag containing methamphetamine.

Hoehaver filed a motion to suppress, arguing that the search was illegal because marijuana odor alone did not give probable cause for the search. The trial court denied the motion, relying on *Owens v. State*, 317 So. 3d 1218 (Fla. 2d DCA 2021), which held that the smell of marijuana emanating from a vehicle continues to provide probable cause for a warrantless search of a vehicle. Hoehaver then entered a negotiated plea, reserving the right to appeal the dispositive order denying her motion to suppress.

On appeal, Hoehaver challenges the search of the vehicle based solely on Detective Bridge's detection of marijuana odor. She acknowledges the longstanding precedent that the odor of marijuana gives an officer probable cause to search a vehicle. *See, e.g.*, *State v. Bennett*, 481 So. 2d 971 (Fla. 5th DCA 1986). However, she argues that given the recent legalization of medical marijuana and hemp, the odor of marijuana may be the result of a lawful activity, and it should therefore no longer be the sole basis to conduct a search. She argues Florida law requires more than just the odor of marijuana to permit a search because the odor is now just a "hunch" or "suspicion" that a crime may be occurring.

"Probable cause exists to engage in a warrantless search where 'the facts and circumstances within [the officers'] knowledge . . . [are] sufficient in themselves to warrant' the belief that an offense has been or is being committed." *Kimball v. State*, 951 So. 2d 35, 37 (Fla. 1st DCA 2007) (quoting *State v. Betz*, 815 So. 2d 627, 633 (Fla. 2002)). "This totality-of-the-circumstances approach 'allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person.'" *Hatcher v. State*, 342 So. 3d 807, 810 (Fla. 1st DCA 2022) (quoting *United States v. Arvizu*, 534 U.S. 266, 274 (2002)). Florida law has long held that the smell of marijuana is sufficient to give officers probable cause to search a vehicle and its

2

occupants. *See, e.g.*, *State v. Williams*, 967 So. 2d 941 (Fla. 1st DCA 2007).

Recent Florida case law has contemplated whether the plain smell doctrine alone can still provide probable cause, given the legalization of medical marijuana and hemp in Florida. In *Owens*, the Second District recognized, "without affirmatively holding," that there may be circumstances where an occupant of a vehicle has a legitimate explanation for the presence of the smell of fresh marijuana in the vehicle, such as having a lawful prescription or if the substance is hemp. 317 So. 3d at 1219–20. Nevertheless, *Owens* concluded that the smell of marijuana emanating from a vehicle continues to provide probable cause for a warrantless search of the vehicle. *Id.* at 1220.

No recent case law has affirmatively held that marijuana odor alone is insufficient to establish probable cause. *See Hatcher*, 342 So. 3d at 811 ("Still, we need not resolve whether the smell of marijuana alone remains sufficient to establish probable cause."). The most recent case law with a conclusive ruling on the matter is *Owens*, which upheld the existing precedent that the smell of marijuana emanating from a vehicle continues to provide probable cause for a warrantless search of the vehicle. 317 So. 3d at 1220. Accordingly, because Detective Bridge smelled burnt marijuana emanating from the vehicle, his reliance on the current state of the law was objectively reasonable. He had probable cause to search the vehicle, and thus, the trial court properly denied Hoehaver's motion to suppress on that basis.

AFFIRMED.

EDWARDS, C.J., concurs.
KILBANE, J., concurring specially with opinion.

3

KILBANE, J., concurring specially.

I agree with the majority that the trial court properly denied Hoehaver's motion to suppress, and that Detective Bridge developed probable cause to search the vehicle. I write separately to clarify that I do not believe a discussion of the plain smell doctrine is necessary because under the facts here, Detective Bridge developed probable cause based on the totality of the circumstances. *See Hatcher v. State*, 342 So. 3d 807, 811 (Fla. 1st DCA 2022) (considering only whether probable cause to justify the search existed based on the totality of the circumstances).

During the course of a valid traffic stop for a seatbelt infraction, Detective Bridge smelled the odor of burnt marijuana emanating from inside the vehicle. Upon asking the occupants to step out of the vehicle, Detective Bridge inquired about the smell. He specifically asked the occupants if they possessed a medical marijuana card or had hemp in the vehicle. The occupants all answered in the negative. Under Florida law, cannabis may be lawfully possessed if the person is of age and has a valid medical marijuana card or the substance is hemp. *See* § 381.986, Fla. Stat. (2022); § 581.217, Fla. Stat. (2022). Upon eliminating the only lawful explanations for the smell, Detective Bridge had probable cause to search the vehicle for illegal cannabis where, as here, the stop was not prolonged. *See, e.g.*, *State v. Martissa*, 18 So. 3d 49, 52 (Fla. 2d DCA 2009) ("During a traffic stop an officer may ask if a person is in possession of a weapon or drugs." (citing *Hewitt v. State*, 920 So.2d 802, 805 (Fla. 5th DCA 2006))); *State v. Stone*, 889 So. 2d 999, 1000 (Fla. 5th DCA 2004) (finding stop not prolonged in any meaningful sense where officer asked unrelated question about possession of weapons or drugs (citing *Ohio v. Robinette*, 519 U.S. 33 (1996))); *cf. State v. Creller*, 49 Fla. L. Weekly S139a, S142 (Fla. May 23, 2024) (explaining officers may ask occupant to step out of vehicle for officer safety midway through lawful traffic stop to perform K-9 vehicle sweep where stop not prolonged).

Because Detective Bridge developed probable cause to search the vehicle based on the totality of the circumstances, it is

4

unnecessary to address Hoehaver's plain smell argument. Nevertheless, I concur in affirming the denial the motion to suppress.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____