# Third District Court of Appeal
## State of Florida

Opinion filed July 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2189
Lower Tribunal No. F22-1772
_____

**Adamson Asher Aldama,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before LINDSEY, GORDO and LOBREE, JJ.

LOBREE, J.

Adamson Asher Aldama ("Aldama"), appeals from a withhold of

adjudication and probationary sentence for firearms offenses entered pursuant to a guilty plea, where he reserved the right to appeal the denial of a dispositive motion to suppress the firearm and ammunition seized after a search of his vehicle during a highway traffic stop. We have jurisdiction. See Fla. R. App. P. 9.140(b)(2)(A)(i). Aldama contends that the search violated his rights under the Fourth Amendment to the United States Constitution and Article I, section 12 of the Florida Constitution. He argues that a trooper lacked probable cause to search his vehicle based upon the scent of raw marijuana, where the trooper admitted that he could not tell the difference between the smell of raw marijuana and the smell of hemp, which is legal. Based on the totality of the circumstances, we disagree and affirm.

## BACKGROUND

The sole witness at the suppression hearing was Trooper Henry Garcia of the Florida Highway Patrol. On the afternoon of April 17, 2021, Trooper Garcia and another trooper, each in separate patrol cars, were driving south on Interstate 95. They saw a speeding, white Chevrolet swoop across three or four lanes of traffic without engaging its signal-indicator. Other cars on the road were affected and braked to avoid a collision. It is undisputed that the troopers were authorized to stop the vehicle.

2

As the troopers approached the vehicle, they smelled the distinctive odor of marijuana. Aldama, a juvenile at the time, was the only occupant of the Chevy. He denied having marijuana in the vehicle. Aldama did not have a driver's license in his possession or registration for the vehicle, which he said he had just bought from his uncle.

Consistent with what was related as policy for the Florida Highway Patrol, Trooper Garcia testified about the following exchange that he had with Aldama:

> [BY THE COURT]: . . . Did you or your colleague . . . ask Mr. Aldama if he had a medical marijuana card?
>
> A: Correct. So, whenever the odor of marijuana is detected, there's a questionnaire that we go by in order not to confuse it with hemp. So, one of the questions is: Do you possess a medical marijuana card? When they state no, we ask if there's any medical marijuana inside the vehicle. And then we continue with hemp or any contraband that may be inside the vehicle.
>
> [BY THE COURT]: So you asked him the hemp question -
>
> A: Correct.
>
> [BY THE COURT]: - as well?
>
> A: Correct.
>
> [BY THE COURT]: And in both instances, he said no?
>
> A: Correct.

Trooper Garcia acknowledged that there were no other signs that Aldama was impaired. Confronted with the odor of marijuana and no assertion of

lawful possession, the troopers searched the vehicle and found a gun and ammunition. Aldama was arrested and subsequently charged with carrying a concealed firearm and possession of a firearm by a convicted felon.

Aldama moved to suppress the items recovered during the search, contending that because marijuana, or something that looks and smells like marijuana, can now be possessed lawfully as well as unlawfully, the odor of marijuana without more does not give rise to probable cause to search in situations such as this one. Aldama also appended to his motion to suppress an August 5, 2019 memorandum by the State Attorney in which she asserted, "the mere visual observation of suspected cannabis – or its odor alone – will no longer be sufficient to establish probable cause to believe that the substance is cannabis." Aldama argues this constituted an admission of a party-opponent that supports his suppression argument. See § 90.803(18), Fla. Stat. (2022).[1]

The trial court denied the motion to suppress, incorporating in its written order the legal analysis from an earlier order in State v. Fonseca, 30 Fla. L. Weekly Supp. 407a, 2022 WL 4392175, at *4 (Fla. 11th Cir. Ct. Sept. 13, 2022), where it concluded that an officer who stopped a car for traffic

---

[1] We need not consider this evidentiary issue, as this record reflects that the search was supported by more than odor alone.

4

infractions and recognized the aroma of raw marijuana upon his approach was "entitled to reach the common-sense conclusion that someone in the car illegally possessed marijuana." These rulings relied on Owens v. State, 317 So. 3d 1218, 1220 (Fla. 2d DCA 2021), which held that "regardless of whether the smell of marijuana is indistinguishable from that of hemp, the smell of marijuana emanating from a vehicle continues to provide probable cause for a warrantless search of a vehicle." Notably, the trial court found that Aldama's case was more compelling than Fonseca's, as the troopers specifically asked Aldama if what they smelled was hemp or medical marijuana, and he told them that it was not.

## ANALYSIS

"In Fourth Amendment suppression cases, we review legal issues de novo and will sustain factual findings that are supported by competent, substantial evidence." State v. Creller, 49 Fla. L. Weekly S139a, S141 (Fla. May 23, 2024) (citing Presley v. State, 227 So. 3d 95, 99 (Fla. 2017)).

Florida courts are required to follow the United States Supreme Court's interpretations of the Fourth Amendment. See Art. I, § 12, Fla. Const.; State v. Betz, 815 So. 2d 627, 631 (Fla. 2002). Under the "automobile exception" to the general warrant requirement of the Fourth Amendment, "police may search a vehicle without a warrant so long as they have probable cause to

believe that it contains contraband or evidence of a crime." <u>Hatcher v. State</u>, 342 So. 3d 807, 810 (Fla. 1st DCA 2022) (citing <u>Pennsylvania v. Labron</u>, 518 U.S. 938, 940 (1996)). "Probable cause is a 'flexible, common-sense standard.'" <u>Id.</u> (quoting <u>Florida v. Harris</u>, 568 U.S. 237, 240 (2013)).

"In determining whether probable cause exists to search a vehicle, courts must utilize a 'totality of the circumstances' approach." <u>State v. Fortin</u>, 383 So. 3d 820, 823 (Fla. 4th DCA 2024) (citing <u>Hatcher</u>, 342 So. 3d at 810). "Probable cause exists where 'the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." <u>Betz</u>, 815 So. 2d at 633 (quoting <u>Brinegar v. United States</u>, 338 U.S. 160, 175–76 (1949)). Over two decades ago in <u>Betz</u>, the Supreme Court of Florida concluded that probable cause existed to search an automobile where the totality of the circumstances included an officer's smell of a strong odor of marijuana coming out of a car window, and where the driver acted nervous, jittery and in an extraordinarily suspicious manner. 815 So. 2d at 633.

Aldama contends that based upon developments in Florida law legalizing possession of medical marijuana and hemp, the trial court erroneously concluded that odor alone still sufficed for probable cause to

6

justify the warrantless search of his car. He urges us to reject the recent conclusion to the contrary in Owens, and instead adopt the reasoning of the special concurrence in Hatcher, where Judge Bilbrey concluded that if a substance smelled by an officer might have been legal hemp, its smell can no longer provide probable cause to search a vehicle or its occupants. Hatcher, 342 So. 3d at 811–12 (Bilbrey, J., specially concurring). The State counters that odor alone remains sufficient to justify the search of a vehicle, as an officer must only have probable cause to search. Betz, 815 So. 2d at 633; Owens, 317 So. 3d at 1220. The State further argues that the trial court correctly denied the motion to suppress as the totality of the circumstances known to the trooper satisfied the "odor-plus" standard referenced in the State Attorney's memorandum, and was sufficient for a finding of probable cause.

Here, the trial court concluded that the troopers possessed probable cause to believe that the offense of illegal possession of marijuana was being committed based on the distinctive scent of raw marijuana, and that nothing more was required. However, we need not reach the issue of whether plain smell of marijuana alone supports probable cause to search an automobile, as the troopers' questioning of Aldama eliminated the only lawful explanations for the smell prior to their search. Thus, the totality of the

7

circumstances provided the troopers with probable cause to conduct the automobile search upon the plain smell of marijuana and the dispelling of any lawful explanations for such in the vehicle. Compare Hoehaver v. State, 49 Fla. L. Weekly D1386b, 2024 WL 3209417, at *2 (Fla. 5th DCA June 28, 2024) (Kilbane, J., concurring specially) ("Upon eliminating the only lawful explanations for the smell, [Trooper Garcia] had probable cause to search the vehicle for illegal cannabis where, as here, the stop was not prolonged."), with Baxter v. State, 48 Fla. L. Weekly D2084, 2023 WL 7096645, at *9 (Fla. 5th DCA Oct. 27, 2023) (Kilbane, J., concurring in part and dissenting in part) (noting that "while Baxter was still in his vehicle, [the officer] asked no questions related to the smell or whether Baxter had a medical marijuana card"). Accordingly, we affirm the judgment and sentence entered pursuant to Aldama's plea after denial of his motion to suppress.

Affirmed.