566 So.2d 848 (1990)
Scott Thomas ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1985.
District Court of Appeal of Florida, Fifth District.
August 30, 1990.
Rehearing Denied September 27, 1990.
*849 Mark D. Shelnutt, Ocala, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Scott Thomas Roberts appeals from an order denying his motion to suppress certain physical evidence after his plea of no contest to possession of cocaine and possession of drug paraphernalia. Although in his notice of appeal the defendant seeks to appeal from a nonappealable prejudgment order denying a motion to suppress, it is clear from the record that appellant is seeking review of the final judgment and sentence resulting from his no contest plea.[1] Upon examination of the record on appeal and the supplemental transcript, however, we find the record insufficient to warrant a reversal of the trial court.
On April 19, 1989, two plainclothes police officers were patrolling motel parking lots in an unmarked car to check for vehicle burglaries. The officers observed appellant's automobile parked with the windows down and the T-tops removed. Two people were in the front seat bent over, and two people were in the back seat. One of the officers approached the driver to obtain identification. The second officer approached the passenger side of the car and shined his flashlight inside. He observed a mirror with white powder on the floorboard of the passenger side beneath appellant's feet. The officer requested that the appellant hand him the mirror. The residue of the powder tested positive for cocaine.
Police officers can initiate brief encounters with a citizen without creating a stop. Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); State v. Smith, 477 So.2d 658 (Fla. 5th DCA 1985). Here the officers approached a parked car in a parking lot available to the public. We do not find that the actions of the police officers in this case rose to the level of an investigatory detention prior to *850 the viewing of the cocaine. The officer observed the cocaine in plain view before any arrest or seizure occurred.
It is well established that the use of a flashlight to illuminate the interior of a vehicle does not violate Fourth Amendment rights, even though an officer may specifically be looking at an area of suspicious activity. State v. Billingsly, 542 So.2d 444 (Fla. 5th DCA 1989); State v. Ecker, 550 So.2d 545 (Fla. 2nd DCA 1989). The appellant had no legitimate expectation of privacy while in a parked automobile in a parking lot to which the public had access, as to illegal activities which would have been as visible to a private security guard or a police officer as to a private citizen. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] Rule 9.140(b), Florida Rules of Appellate Procedure. This court has previously declined to dismiss an appeal in which the defendant erroneously designated an order denying a motion to suppress in his notice of appeal, rather than the underlying judgment, where it was clear that the defendant sought review of the final judgment resulting from his nolo contendere plea and where he reserved for appellate review the legal issues raised by the denial of his previous motion to suppress. Jones v. State, 423 So.2d 520 (Fla. 5th DCA 1982). In the absence of prejudice to the appellee, we therefore decline to dismiss the instant appeal based on an erroneous notice.