579 So.2d 836 (1991)
STATE of Florida, Appellant,
v.
Vincent Eugene HICKS, Appellee.
No. 90-1228.
District Court of Appeal of Florida, First District.
May 13, 1991.
Rehearing Denied June 14, 1991.
*837 Robert A. Butterworth, Atty. Gen. and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellant.
Nancy Daniels, Public Defender and Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellee.

OPINION ON REHEARING
PER CURIAM.
Hicks' motion for rehearing is granted, the opinion and decision in this case filed on March 28, 1991, is withdrawn, and the following opinion and decision is substituted for the withdrawn opinion.
The state brings this appeal, pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B), challenging the trial court's order granting Hicks' motion to suppress cocaine found during the warrantless search of an automobile. Because we hold that the police officer's search of the stolen vehicle which Hicks had been driving was one made pursuant to the automobile exception to the warrant requirement, we reverse.
Based upon outstanding arrest warrants from Sarasota County, on November 22, 1989, Hicks was arrested in the lobby of a Tallahassee bank while "committing fraud." Shortly after the arrest, the arresting officer, Glen Sapp, of the Tallahassee Police Department, learned from a law enforcement officer in Sarasota County that Hicks was a suspect in the theft of a 1989 Peugeot automobile. Upon further inquiry, Officer Sapp learned that Hicks had driven a 1989 Peugeot to the bank and that the automobile was parked in the bank parking lot.
Officer Sapp then proceeded to the parking lot where he located the automobile and conducted a search. Inside the glove compartment of the automobile, Officer Sapp found a jewelry box, and upon opening the jewelry box, he found 58 pieces of crack cocaine. As to Sapp's failure to articulate the reason for his search of the glove compartment, see State v. Starkey, 559 So.2d 335, 339 (Fla. 1st DCA 1990).
Hicks was charged by information with unlawful possession and intent to sell crack cocaine, contrary to section 893.13, Florida Statutes (1989). After a conditional plea of not guilty, Hicks filed a motion to suppress the crack cocaine found in the jewelry box. After hearing testimony and argument with respect to the motion, the trial court entered its order granting the motion to suppress.
We must reverse the trial court's suppression order because we find that Officer Sapp had authority to conduct a warrantless search of the automobile under the automobile exception to the warrant requirement. See United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), and California v. Carney, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985), which authorize a warrantless search of a motor vehicle where an officer has probable cause to believe that the motor vehicle contains contraband or other evidence of a crime. As Ross indicates, such searches may include every part of the automobile and its contents in which contraband or other evidence of a crime might be expected to be found. In the analogous case of Maldonado v. State, 528 S.W.2d 234, 241 (Tex.Cr.App. 1975), the Texas court suggests that
The scope of such a search might reasonably have been expected to include examination of all identification numbers and *838 of any area of the truck where evidence that someone else had owned or driven the truck might reasonably be expected to be found. Hence, a search of the glove compartment, floorboards, and rear areas might, for example, turn up some document or item bearing the true owner's name.
Here, by the time Officer Sapp located the automobile, he had probable cause to believe that the automobile was stolen and that a search of the automobile might well provide evidence of ownership. The glove compartment and its contents are obviously one of the most likely areas of an automobile in which evidence of ownership might be found. The cocaine was, in fact, found in a container which was inside the glove compartment of the automobile.
In our view, the warrantless search of the glove compartment contents was well within the authority specified in Ross. Accordingly, the suppression order is reversed and the cause is remanded for further proceedings consistent with this opinion.
SMITH and WIGGINTON, JJ., and WENTWORTH, Senior Judge, concur.