PATTERSON, Acting Chief Judge.
David Ruffin appeals from an order withholding adjudication and placing him on probation for possession of cocaine with intent to sell. He challenges the denial of his motion to suppress the cocaine and raises sentencing issues. We determine that the inevitable discovery doctrine does not apply and we reverse the denial of the motion to suppress. Because the motion to suppress is disposi-tive, we do not reach the sentencing issues.
The state charged Ruffin with possession of cocaine with intent to sell. At the hearing on Ruffin’s motion to suppress, Officer Mason testified that on June 19, 1993, he was on patrol in Fort Myers. At around 3:30 a.m., he entered a Shell convenience store and two employees told him that a black male had just stolen two packs of cigarettes. The employees pointed out the individual as he was driving out of the parking lot. The officer ran to his patrol car and followed the individual. After several blocks, the officer stopped Ruffin.
Ruffin, who was sixteen years old, could produce no driver’s license or rental information for the rental car he was driving. When Ruffin stepped out of the car, the officer noticed a brown paper bag on the seat with part of a plastic baggie sticking out of it. The officer had Ruffin sit in the back of the patrol car while the officer seized the brown paper bag. The plastic baggie contained cocaine. After the officer arrested Ruffin for possession of cocaine with intent to sell, the officer continued to search the car, but did not recover any cigarettes. Ruffin was not charged with petty theft. After they arrived at the police station, the officer learned that Ruffin’s license was suspended and charged Ruffin with driving with a suspended license.
In its written order denying the motion to suppress, the trial court ruled that the officer had no probable cause to arrest Ruffin for shoplifting and, thus, search the ear pursuant to the arrest. The court also determined that the officer had no probable cause to search for drugs by virtue of seeing a plastic baggie sticking out of a brown paper bag. The court reasoned, however, that the discovery of the cocaine was inevitable because an investigation of Ruffin’s driving status would have led to his arrest for driving with a suspended license and a search of the car pursuant to the arrest.
Under the inevitable discovery doctrine, “evidence obtained as the result of unconstitutional police procedure may still be admissible provided the evidence would ultimately have been discovered by legal means.” Maulden v. State, 617 So.2d 298, 301 (Fla. 1993). Here, the trial court found, by a preponderance of the evidence, that the discovery of the cocaine was inevitable. See Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). The testimony at the suppression hearing, however, does not support that conclusion. The officer testified that he discovered Ruffin had a suspended license after the arrest for possession, when they were at the police station. While at the scene, the officer did not investigate Ruffin’s lack of a driver’s license. As *208 Ruffin argues, it is speculation what the officer would have done had he not searched the ear and discovered the cocaine. Certainly, it was possible that the officer would have investigated the lack of a license at the scene, but it was not inevitable. Thus, we reverse the order denying Ruffin’s motion to suppress.
Reversed.
BLUE and LAZZARA, JJ., concur.