691 So.2d 566 (1997)
STATE of Florida, Appellant,
v.
Timothy A. DUGGINS, Appellee.
No. 95-03013.
District Court of Appeal of Florida, Second District.
April 11, 1997.
*567 Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Frank D.L. Winstead, Assistant Public Defender, Bartow, for Appellee.
SCHOONOVER, Judge.
The State of Florida challenges a trial court order granting the appellee's, Timothy A. Duggins, motion to suppress certain evidence seized from him. We reverse.
According to the record presented to us, the appellee was originally stopped early in the morning on a lightly traveled side street by a Hillsborough County Deputy Sheriff because he was "swerving in and out of the southbound lane of Orient Road." When he exited his automobile, the appellee stumbled, and when the deputy approached him, he noticed a strong odor of alcohol on the appellee's breath. Because the deputy did not conduct field sobriety tests, a DUI investigator was called to the scene.
While waiting for the investigator, the deputy started a pat-down search of the appellee, but the appellee grabbed the deputy's hand and told him to stop. The appellee was then arrested for obstructing an officer without violence, and a search incident to the arrest resulted in the seizure of thirty-one grams of cannabis. After the DUI investigation was completed, the appellee was also charged with driving while under the influence.
The appellee was charged with possession of cannabis in violation of section 893.13(6)(a), Florida Statutes (1993), and with obstructing an officer without violence in violation of section 843.02, Florida Statutes (1993). The trial court granted the appellee's motion to suppress the evidence obtained as a result of the pat-down search, and the state filed a timely notice of appeal.
In this appeal, the state does not contend that the deputy's initial search of the appellee was proper, but claims that the evidence should not have been suppressed because of the inevitable discovery rule. The appellee, on the other hand, does not contend that the traffic stop was improper, but disputes the applicability of the inevitable discovery rule. We agree with the state's contention. The appellee was properly stopped, and subsequently arrested, for DUI. The state established that the evidence would have been discovered as a result of a valid *568 search conducted pursuant to the appellee's arrest for DUI.
The inevitable discovery rule is an exception to the fruit of the poisonous tree doctrine. Under this exception, evidence obtained as the result of unconstitutional police procedures may still be admissible if it is shown that the evidence would ultimately have been discovered by legal means. Nix v. Williams, 467 U.S. 431, 438, 104 S.Ct. 2501, 2511, 81 L.Ed.2d 377, 387 (1984). See also Maulden v. State, 617 So.2d 298 (Fla.1993). Speculation must not play a part in the application of this rule, and it, of course, is not sufficient to show that some possible further investigation would have revealed the evidence. Ruffin v. State, 651 So.2d 206 (Fla. 2d DCA 1995). See also Bowen v. State, 685 So.2d 942 (Fla. 5th DCA 1996)(speculation may not play a part in the inevitable discovery rule, the focus must be on demonstrated fact, capable of verification).
In this case, the record establishes that the appellee was validly stopped by a deputy sheriff and that an investigation which resulted in a DUI arrest was being conducted at the time of the improper search and seizure. It is not necessary to speculate as to whether the state would have instituted an investigation; it was going on at that time. The state, accordingly, established that the evidence would have been inevitably discovered by valid means and the trial court erred by suppressing that evidence. See Maulden, 617 So.2d at 301. We, therefore, reverse and remand for proceedings consistent herewith.
Reversed and remanded.
DANAHY, A.C.J., and FULMER, J., concur.