PER CURIAM.
Billy Jack Hall was indicted and convicted of first-degree murder and robbery with a deadly weapon. Hall does not challenge the murder conviction, but appeals the trial court’s rulings permitting the State to introduce a ring into evidence at trial and denying his motion for judgment of acquittal on the robbery charge. We affirm the trial court’s denial of Hall’s motion to suppress the ring; however, we reverse the conviction for robbery with a deadly weapon and direct the trial court to impose a judgment and sentence for robbery with a weapon.
First, Hall argues that the trial court erred in denying his motion to suppress a ring the police obtained during an illegal interrogation, which the police conducted after Hall was arrested, but before he was booked into the jail. The State concedes that the police obtained the ring in violation of Hall’s Fourth Amendment rights, but argues that the ring is nonetheless admissible under the “inevitable discovery” doctrine. We agree.
Illegally obtained evidence may be admissible if the State shows that the evidence “ultimately or inevitably would have been discovered by lawful means.” Craig v. State, 510 So.2d 857, 862 (Fla.1987) (quoting Nix v. Williams, 467 U.S. 431, 444,104 S.Ct. 2501, 81 L.Ed.2d 377 (1984)). See also Ruffin v. State, 651 So.2d 206, 207 (Fla. 2d DCA 1995). In this case, the jail’s booking agent testified that he would have removed Hall’s ring during routine booking procedures. Accordingly, the police
inevitably would have discovered the ring upon review of Hall’s personal effects.
As to Hall’s second issue, we agree that the State failed to establish that Hall used a deadly weapon during the course of the robbery. However, the State did establish that Hall committed the robbery with a weapon by showing that Hall used a knife to bind the victim during the robbery. See § 812.13(2)(b), Fla. Stat. (1997). See also Miller v. State, 421 So.2d 746, 747 (Fla. 4th DCA 1982) (evidence supported conviction of robbery with a weapon where the defendant attempted to take the victim’s stereo from her car using a knife, but did not threaten the -victim with the knife). Pursuant to section 924.34, Florida Statutes (1997), we reverse the judgment of robbery with a deadly weapon and direct the trial court to enter a judgment of robbery with a weapon and resentence Hall on that conviction.
Affirmed in part; reversed in part with directions to impose a judgment and sentence for robbery with a weapon.
PARKER, C.J., and PATTERSON and NORTHCUTT, JJ., Concur.