HAZOURI, J.
The State appeals from an order granting Stephanie Drysdale’s motion to suppress physical evidence. We affirm in part and reverse in part.
Broward County Sheriff Perez responded to Drysdale’s home after a 911 hangup call. Upon arrival, Perez discovered that Drysdale’s home had been invaded and she had been robbed at gunpoint. While speaking to Drysdale at her open front *302 door, Perez noticed the smell of marijuana. Perez made a cursory search in order to secure the crime scene. Perez had no further involvement with the investigation.
Detective Young subsequently arrived to investigate the home invasion and found Drysdale outside crying hysterically. After learning details of the robbery from Drysdale, Young told her he needed forensics to come into her home and search for evidence. At first she refused, but when he started to leave, she became more upset. Young obtained a consent form for a search which Drysdale signed. The form was not produced at the suppression hearing but Young testified that Drysdale only consented to a forensic search for fingerprints and to take photographs. Drysdale was advised that Young would not be the only one searching. Drysdale walked Young and Detective Ingalls, a forensics officer, through the rooms of her home that the intruders entered. While in the living room, Young found marijuana seeds in the carpet.
Broward County Sheriff Massucco of the regional narcotics K-9 unit was also dispatched to the scene to search for narcotics in the house. When he arrived with his dog, Bingo, he spoke with an unnamed deputy and was told he had consent to search the residence. Massucco entered the residence with Bingo and went to the master bedroom. He started to search but heard the voice of Drysdale saying that she didn’t want the dog in the house. Bingo had not alerted to any narcotics and Massucco returned the dog to his car. Massucco testified at the suppression hearing that he had no knowledge that this was an investigation of a home invasion robbery; however, he returned to the house to assist the deputies. He then observed some marijuana cigarettes in an ashtray but could not recall in which room he saw them. Massucco also found some cocaine inside Drysdale’s purse.
Drysdale was charged with possession of cocaine, misdemeanor possession of cannabis (20 grams or less) and misdemeanor possession of drug paraphernalia. The trial court granted Drysdale’s motion to suppress finding that her consent was limited to dusting for fingerprints and taking pictures in the investigation of the home invasion. The State appeals the order with respect to the suppression of the marijuana cigarettes and seeds found in Drys-dale’s residence.
The State argues the trial court erred because the marijuana cigarettes in the ashtray and the marijuana seeds on the floor were found in plain view by the officers during a consensual search of Drys-dale’s residence. We agree with respect to the marijuana seeds but not the cigarettes.
In order to validate a seizure predicated upon the plain view doctrine, the state must prove three elements: (1) the police must lawfully be in a position from which they view an object; (2) the object’s incriminating character is immediately apparent; and (3) the officers have a lawful right of access to the object. Jones v. State, 648 So.2d 669, 677 (Fla.1994). The trial court correctly found that Drys-dale’s consent was limited to a crime scene investigation. As a result, that consent did not extend to Detective Massucco, a narcotics officer, who was dispatched to the residence to search for drugs and was not aware that a home invasion robbery had occurred. The limited consent given by Drysdale made his entry unlawful and the plain view doctrine does not support the seizure of the marijuana cigarettes Detective Massucco found. They were properly suppressed.
Drysdale gave her limited consent for Detective Young to enter her home, including the living room, to dust for prints and take pictures. Therefore, he was lawfully in the living room when he saw the marijuana seeds on the floor.
As to the second element, the Supreme Court pointed out in Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983), that the seiz *303 ing officer is not required to “know certain items are contraband or evidence of a crime ... what is required is that “the facts available to the [seizing] officer would ‘warrant a person of reasonable caution in the belief,’ that certain items may be contraband or stolen property or useful as evidence of a crime.... ” 460 U.S. at 741-42, 103 S.Ct. at 1543, 75 L.Ed.2d at 508. Detective Young, an officer with eighteen years experience, entered a house where the odor of marijuana was apparent and he observed seeds on the carpet. These are facts that would warrant belief that the seeds were contraband.
It is undisputed that the marijuana seeds on the carpet were in plain view of Detective Young while he was in the living room. “Whether police [have] a lawful right of access to the object of a plain view seizure is generally determined by the scope of the search permitted.... ” Jones v. State, 648 So.2d 669, 677 (Fla.1994). The scope of the search permitted was not exceeded as Drysdale had given permission for Detective Young to look in her residence for evidence.
As the record demonstrates that the seizure of the marijuana seeds was valid under the plain view doctrine, the trial court erred in suppressing them. This cause is affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.
Affirmed in part and reversed in part.
KLEIN, J., concurs.
STONE, J., concurs specially with opinion.