780 So.2d 263 (2001)
Isaiah SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1843.
District Court of Appeal of Florida, Fourth District.
February 28, 2001.
*264 Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The Defendant appeals his conviction and sentence for robbery by sudden snatching of a wallet with a deadly weapon. He argues the trial court erred by denying his motion for judgment of acquittal, because there was insufficient evidence of a deadly weapon. In addition, he argues the trial court abused its discretion in instructing the jury only on the definition of a weapon and not on the definition of a deadly weapon. We reverse and remand.
The State charged the Defendant with robbery by sudden snatching with a deadly weapon based on the following facts. While looking for Christmas cards at the Hallmark store in the Palm Beach Mall, Edward Green was hit in the back and his wallet was stolen out of his pocket. Green looked up, saw the Defendant, yelled at him to give him his wallet back, and attempted to chase him to Burdines, a nearby department store in the mall. Two men saw the Defendant running, chased him, tackled him, and held him down until mall security arrived. At no time was a knife seen. Once mall security arrived, the Defendant was taken to the security office in Burdines where a security officer emptied the Defendant's pockets. A wallet and a kitchen knife were taken out of his pocket.
In instructing the jury on the charges, the trial court stated the following:
Before you can find the Defendant guilty of robbery by sudden snatching with a deadly weapon, the State must prove the following elements beyond a reasonable doubt:
One, Isaiah Simmons took the wallet and the contents from the person of Edward Green of the wallet and contents.

*265 Two, the taking was intended to permanently or temporarily deprive Edward Green of the wallet and contents.
Three, in the course of the taking, Edward Green became aware of the taking, and
Four, in the course of committing robbery by sudden snatching Isaiah Simmons carried a deadly weapon.
In order to satisfy this definition it's not necessary to show that:
A, Isaiah Simmons used any amount of force beyond that effort necessary to obtain possession of the wallet or
B, there was any resistence offered by Edward Green to Isaiah Simmons that was injury to Edward Green, Jr.'s person.
A weapon legally means any object that is used to cause or inflict serious bodily harm.
The jury found the Defendant guilty as charged.
With regard to the denial of his motion for judgment of acquittal, the Defendant argues on appeal that there was insufficient evidence that the knife was a "deadly weapon." This is a different argument than what was presented to the trial court. Thus, this argument, raised for the first time on appeal, is not preserved for review. For purposes of discussing the jury instruction issue, however, we note that the State failed to present evidence that the Defendant carried a "deadly weapon."
"Whether or not the weapon involved is to be classified as `deadly' is a factual question to be resolved by the jury under appropriate instructions." Dale v. State, 703 So.2d 1045, 1047 (Fla.1997). Although section 812.131, Florida Statutes, the section under which the Defendant was convicted, does not define the term "deadly weapon," that term has been defined in the context of other crimes as follows. "A deadly weapon has generally been defined to be one likely to produce death or great bodily injury." Dale, 703 So.2d at 1047. It has also been defined as "any instrument which, when used in the ordinary manner contemplated by its design will or is likely to cause great bodily harm because of the way it is used during a crime." C.A.C. v. State, 771 So.2d 1261, 1262 (Fla. 2d DCA 2000). "Whether or not an object is a deadly weapon is a question of fact to be determined by the jury from the evidence, taking into consideration its size, shape and material and the manner in which it was used or was capable of being used." Duba v. State, 446 So.2d 1167, 1169 (Fla. 5th DCA 1984). Courts have declined to hold that as a matter of law a steak knife is a deadly weapon; however, a kitchen or steak knife, as a matter of fact, can be used to inflict death. See Nystrom v. State, 777 So.2d 1013, 1015 (Fla. 2d DCA 2000).
Here, there was no evidence that the kitchen knife carried by the Defendant was a "deadly weapon" as defined by case law. A kitchen knife, when used in the ordinary manner contemplated by its design will not and is not likely to cause death or great bodily harm. In addition, the manner in which the knife was used in the present case did not make it likely to cause death or great bodily harm. See, e.g., Miller v. State, 421 So.2d 746 (Fla. 4th DCA 1982); Hall v. State, 733 So.2d 565 (Fla. 2d DCA 1999). The kitchen knife was not seen until the Defendant's pockets were emptied by a security officer. He did not use the knife, show anyone the knife, or threaten anyone with the knife. Therefore, although whether a knife constitutes a deadly weapon is a question for the jury, there was simply no evidence upon which the jury could find the kitchen knife, under the facts in this case, was a deadly weapon.
Given that, we conclude the trial court's instructions to the jury were misleading, incomplete, and resulted in a miscarriage of justice. "`Trial judges have wide discretion in decisions regarding jury instructions, and the appellate courts will not reverse a decision regarding an instruction *266 in the absence of a prejudicial error that would result in a miscarriage of justice.'" Johnson v. State, 747 So.2d 436, 438 (Fla. 4th DCA 1999) (quoting Lewis v. State, 693 So.2d 1055, 1058 (Fla. 4th DCA 1997)). "The trial court has a duty to determine the applicable substantive law and instruct the jury on that law, and the trial judge's decision on these matters has historically enjoyed a presumption of correctness on appeal; however, to be sustained on appeal, the instructions must include a sufficient statement of the statutory elements of the substantive offenses charged to enable the jury to arrive at a verdict based upon an accurate statement of the law they are to apply to the evidence before them." Shimek v. State, 610 So.2d 632, 638 (Fla. 1st DCA 1992). "When an instruction excludes a fundamental and necessary ingredient of law required to substantiate the particular crime, such failure is tantamount to a denial of a fair and impartial trial." Chicone v. State, 684 So.2d 736, 745 (Fla.1996). "`Fundamental error occurs only when the omission [in the jury instructions] is pertinent or material to what the jury must consider in order to convict.'" State v. Delva, 575 So.2d 643, 645 (Fla.1991) (quoting Stewart v. State, 420 So.2d 862, 863 (Fla.1982)).
Here, the trial court properly instructed the jury on the elements of robbery by sudden snatching with a deadly weapon. However, the trial court failed to instruct the jury on the definition of what constitutes a "deadly weapon." Instead, the trial court instructed the jury only on the definition of the term "weapon." The problem is, there is no crime of robbery by sudden snatching with just a simple weapon. In addition, even if the trial court had given the definition of a "deadly weapon," there was insufficient evidence that the kitchen knife was a "deadly weapon."
We conclude a miscarriage of justice resulted from the trial court failing to instruct the jury that in order to find the Defendant guilty of robbery by sudden snatching with a deadly weapon they needed to find the kitchen knife was likely to cause death or great bodily injury. Accordingly, we reverse.
Because the Defendant concedes the evidence was sufficient to prove robbery by sudden snatching, we remand, pursuant to section 924.34, Florida Statutes (2000), for the trial court to impose final judgment and sentence for robbery by sudden snatching.
REVERSED AND REMANDED.
GUNTHER, STONE and SHAHOOD, JJ., concur.