WARNER, J.
The State of Florida appeals an order granting appellee Echevarria’s motion to suppress evidence. Although we disagree with the trial court’s determination that Echevarria was subject to an illegal stop, we conclude that the evidence is insufficient to show that the drugs were in plain view, taken in a light most favorable to sustaining the trial court’s ruling. We therefore affirm.
Officer William Evans testified that he was conducting surveillance in the parking lot of a restaurant. He was in an unmarked police car and was wearing plain clothes. At approximately 1:00 a.m., Evans saw Echevarria and an unidentified male get into a red Explorer. Echevarria sat in the driver’s seat and the other male sat in the passenger seat. The car did not move for a little while, so Evans decided to drive over to the car and see what was going on.
Evans parked approximately two spaces away and exited his vehicle. He walked over with his lit flashlight and as he approached the car, the passenger opened his door. Evans looked in, shined his flashlight, and said, “How you guys doing?” He saw Echevarria holding a cellophane cigarette wrapper containing a white substance. Based on his training and experience, Evans knew the substance was suspect cocaine.
Echevarria looked nervous and immediately started stuffing the baggie between the driver’s seat and the center console. Evans told Echevarria to put his hands where he could see them, and he then called for back-up. When back-up arrived, Evans tested the substance and it tested positive for cocaine.
Oh cross-examination, Echevarria’s counsel asked Evans if he leaned in to see what was going on. He responded that he did not lean into the car, but that he “leaned at [the passenger’s] side.” He stated that he did not break the plane of the doorway. Nevertheless, Echevarria impeached the officer with his deposition where he said “I leaned a little bit like this looking at him,” and “as [the passenger] opened the door I just leaned in.” The court itself questioned the officer, asking him to demonstrate how he leaned in the vehicle.
Echevarria then testified that he was in the vehicle for about five minutes before Evans approached him and suddenly opened the passenger door. He saw the word “police” on Evans’ vest, and Eche-varria dropped the bag down by the seat.
After hearing the evidence and at a second hearing the court opined that the encounter was not consensual because the officer blocked Echevarria from getting out of the vehicle and was standing there with a flashlight. The court also had doubts as to how the officer leaned into the vehicle. Stating that it was not satisfied with the evidence, the court granted the motion to suppress, and the state appeals.
*1278 Our review of an order on a motion to suppress requires deference to the trial court on the factual findings but de novo review of the application of facts to the constitutional issues.
[Ajppellate courts should continue to accord a presumption of correctness to the trial court’s rulings on motions to suppress with regard to the trial court’s determination of historical facts, but appellate courts must independently review mixed questions of law and fact that ultimately determine constitutional issues arising in the context of the Fourth and Fifth Amendment and, by extension, article I, section 9 of the Florida Constitution.
Rivera v. State, 859 So.2d 495, 509 (Fla.2003). The state contends that given the undisputed facts of this case, the encounter was consensual and the officer saw the cocaine in plain view. Although we agree that the encounter was consensual, we must defer to the trial court in its determination that cocaine was not in plain view due to the officer having to lean into the vehicle to see the cocaine.
In order to validate a seizure predicated upon the plain view doctrine, the state must prove three elements: (1) the police must lawfully be in a position from which they view an object; (2) the object’s incriminating character is immediately apparent; and (3) the officers have a lawful right of access to the object.
State v. Drysdale, 770 So.2d 301, 302 (Fla. 4th DCA 2000). The issue in this case comes down to whether Evans was in a lawful position from which he could view the cocaine.
Despite the court’s conclusion to the contrary, the initial approach by the officer to the vehicle was a consensual encounter. See Roberts v. State, 566 So.2d 848 (Fla. 5th DCA 1990). In Roberts, two officers were patrolling a parking lot to check for vehicle burglaries. They observed Roberts’ vehicle with two people in the front seat bent over. One officer approached the driver to obtain identification. The second officer approached the passenger side and shined his flashlight inside. Seeing a mirror on the floor with powder on it, the officer arrested Roberts. The trial court denied a motion to suppress the cocaine.
On appeal, the Fifth District concluded that the action of the officers did not rise “to the level of an investigatory detention prior to the viewing of the cocaine. The officer observed the cocaine in plain view before any arrest or seizure occurred.” Id. at 849-50. It further found that the use of the flashlight did not violate Fourth Amendment rights and that Roberts “had no legitimate expectation of privacy while in a parked automobile in a parking lot to which the public had access, as to illegal activities which would have been as visible to a private security guard or a police officer as to a private citizen.” Id. at 850. Based on this, the Fifth District affirmed the denial of the motion.
Similarly, the court in State v. Ecker, 550 So.2d 545 (Fla. 2d DCA 1989), also held that the use of a flashlight to illuminate the interior of a vehicle was not improper. In Ecker, an officer patrolling a parking lot saw Ecker and a female companion sitting in the front seat of a vehicle. He approached the vehicle without being observed by its occupants and shined his flashlight onto Ecker’s lap, where Ecker and his companion were both looking. At this point he saw a clear plastic bag containing cocaine and saw Ecker rolling a marijuana joint. The Second District held that the officer’s mere approach to the vehicle was not a seizure, and Ecker was not seized until the deputy opened the door and arrested him.
*1279 Thus, contrary to the trial court’s conclusion, Officer Evans’ approach to the vehicle with a flashlight did not constitute a seizure of Echevarria. However, the court also questioned whether the cocaine was in plain view of the officer before he leaned into the vehicle.
The extent to which the officer actually entered the vehicle with his body in order to see the cocaine is disputed. The officer actually demonstrated how he leaned into the vehicle. The trial court was the trier of the historical facts and in this case was clearly able to observe the demeanor of the witnesses and the in-court demonstrations of their actions. The court expressed doubt as to the positioning of the officer in the vehicle. We must afford a presumption of correctness to the court’s implicit factual conclusion that the officer had to lean into the vehicle to observe the cocaine. This being the case, the drugs were not in plain view.
Affording the presumption of correctness to the trial court, we affirm the trial court’s suppression of the cocaine.
KLEIN and GROSS, JJ., concur.