943 So.2d 1004 (2006)
STATE of Florida, Appellant,
v.
LeRoy GREEN, Appellee.
No. 2D05-849.
District Court of Appeal of Florida, Second District.
December 13, 2006.
*1005 Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellee.
ALTENBERND, Judge.
The State appeals an order granting LeRoy Green's motion to suppress cocaine, cannabis, and drug paraphernalia. Police officers seized this contraband from Mr. Green's locked car, using keys they obtained from Mr. Green when they arrested him for gambling. Because the "automobile exception" permitted the warrantless search of the vehicle once officers saw the contraband inside, we reverse the order granting the motion to suppress and remand for further proceedings.
On July 17, 2004, police officers patrolling an apartment complex found Mr. Green and a group of people engaged in gambling. Mr. Green was arrested for this offense and a search incident to his arrest revealed keys to a Ford Taurus. One officer began to look for the car that the keys would open and ultimately found Mr. Green's gold Ford Taurus. The officer shined a flashlight into the windows of the Taurus and observed a razor blade with white residue on it, lying on the car's center console. Believing the residue to be cocaine, the officer used Mr. Green's keys to open the door of the car. The officer subsequently seized cocaine, cannabis, and drug paraphernalia from the vehicle.
Mr. Green was charged with gambling, possession of cocaine with intent to sell or deliver, possession of cannabis, possession of drug paraphernalia, and obstructing or opposing an officer without violence. He filed a motion to suppress the cocaine, cannabis, and paraphernalia seized from his vehicle, arguing the officers were required to obtain a warrant prior to searching his vehicle and seizing the contraband inside. The circuit court granted this motion.
Mr. Green did not challenge his arrest or the manner in which the officer obtained the keys to his car. He argued instead that the officer could not enter the vehicle to seize the contraband until after the officer obtained a warrant. We conclude, however, that upon viewing the razor blade and cocaine on the center console, the officer was authorized to enter the car and seize the contraband.
Initially, we note that the shining of the flashlight into the vehicle was not a search and thus did not implicate Fourth Amendment protections. See Roberts v. State, 566 So.2d 848 (Fla. 5th DCA 1990); State v. Billingsly, 542 So.2d 444 (Fla. 5th DCA 1989) (citing Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983)). Once the officer illuminated the inside of the vehicle and saw the razor blade with a white powdery residue, the officer had probable cause to believe the car contained cocaine. Billingsly, 542 So.2d at 445-46 (holding that observation of mirror, white powdery substance, and razor blade in vehicle provided probable cause to arrest owner for possession of contraband).
Pursuant to Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996), if a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment *1006 permits police to search the vehicle without more. Id. (citing Cal. v. Carney, 471 U.S. 386, 393, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985)); see also United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). This "automobile exception" to the warrant requirement was applied in Labron, even though the owner of the vehicle was arrested and the vehicle was parked, thus making the movement of the vehicle highly unlikely.
The Supreme Court cases applying the "automobile exception" to the warrant requirement rely on two distinct rationales: that the automobile's mobility may provide exigent circumstances requiring an immediate search and that a person possesses a reduced expectation of privacy concerning the contents of an automobile. See, e.g., Carney, 471 U.S. at 390-93, 105 S.Ct. 2066. Thus, in Michigan v. Thomas, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982), the Supreme Court stated:
In Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), we held that when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody. We firmly reiterated this holding in Texas v. White, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975). See also United States v. Ross, 456 U.S. 798, 807 n. 9, 102 S.Ct. 2157, 2163 n. 9, 72 L.Ed.2d 572 (1982). It is thus clear that the justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant. See ibid.

Id. at 261, 102 S.Ct. 3079 (footnote omitted).
As such, Florida cases issued after Thomas and Carney applying the "automobile exception" to the warrantless search of a vehicle based upon probable cause do not weigh the circumstances to determine if it was reasonable for officers to obtain a search warrant, as argued by Mr. Green, or whether specific "exigent circumstances" prevented them from doing so. See State v. Hill, 770 So.2d 280 (Fla. 5th DCA 2000); Mylock v. State, 750 So.2d 144 (Fla. 1st DCA 2000); State v. Hicks, 579 So.2d 836 (Fla. 1st DCA 1991). Once probable cause is established, the officers may search the vehicle.[1]
*1007 The warrantless search of Mr. Green's car was thus authorized once the officer saw the razor blade and white powdery residue through the window. Hill, 770 So.2d 280; Hicks, 579 So.2d 836. We therefore reverse the order granting Mr. Green's motion to suppress and remand for further proceedings.
Reversed and remanded for further proceedings.
WHATLEY and CASANUEVA, JJ., Concur.
NOTES
[1] We note there are some cases that might imply, contrary to the holding in Thomas, that the automobile exception applies only when exigent circumstances exist to excuse the application for a warrant. See, e.g., Jaimes v. State, 862 So.2d 833, 836 (Fla. 2d DCA 2003) (emphasis added) (citations omitted) (stating, "Absent a search warrant, there are three valid means by which law enforcement may search a vehicle: (1) incident to a valid arrest of a recent occupant of the vehicle; (2) under the `automobile exception' to the warrant requirement, which requires exigent circumstances coupled with probable cause; and (3) when a vehicle has been impounded, as part of a reasonable inventory search following standardized procedure"); see also Union v. State, 660 So.2d 803 (Fla. 2d DCA 1995); Walker v. State, 636 So.2d 583 (Fla. 2d DCA 1994). These cases, however, involve searches performed incident to an arrest or without probable causenot searches in which there was evidence of a crime inside the vehicle in plain view. Given the Supreme Court's unequivocal holding in Thomas, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750, no exigent circumstances are required in order to apply the automobile exception to the warrant requirement. See State v. Starkey, 559 So.2d 335, 338-39 (Fla. 1st DCA 1990) ("We understand from the holding in Carney that the police are now free to search any vehicle, any time, and any place . . . simply because the police have probable cause to believe that the vehicle contains contraband or other evidence of a crime. It is our understanding that the Carney holding has eliminated any Fourth Amendment requirement for a warrant or showing of exigent circumstances.").