*217
 
 LAWSON, J.
 

 The State of Florida appeals an order suppressing statements made by defendant Lisa Marie Nowak to police, along with evidence obtained from a search of Nowak’s vehicle. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B). We affirm the suppression of Nowak’s statements, but reverse suppression of the physical evidence.
 

 Standard of Review
 

 A trial court’s rulings on a motion to suppress come to this court with a presumption of correctness.
 
 State v. Ernst,
 
 809 So.2d 52, 54 (Fla. 5th DCA 2002). Accordingly, the evidence and all reasonable inferences “must be interpreted in a manner most favorable to an affir-mance.”
 
 Id.
 
 If the trial court’s findings of fact are supported by competent, substantial evidence, this court must accept them.
 
 See, e.g., Weiss v. State,
 
 965 So.2d 842, 848 (Fla. 4th DCA 2007). By contrast, we review questions of law involved in any suppression analysis de novo.
 
 Ernst,
 
 809 So.2d at 54.
 

 Nowak’s Statements to Police
 

 The order on review was entered following a lengthy evidentiary hearing at which both Nowak and the police officer who questioned her testified. The trial judge made detailed factual findings and concluded that Nowak’s statements to police had to be suppressed for two reasons. First, the State failed to demonstrate that No-wak knowingly and intelligently waived her Miranda
 
 [1]
 
 rights before police questioned her.
 
 See, e.g., Bevel v. State,
 
 983 So.2d 505, 515 (Fla.2008) (“It is the State’s burden to establish by a preponderance of the evidence that a defendant knowingly, intelligently, and voluntarily waived his or her
 
 Miranda
 
 rights.”). Second, the State failed to demonstrate that Nowak’s statements to police were voluntarily made.
 
 See, e.g., Ramirez v. State,
 
 739 So.2d 568, 572-73 (Fla.1999) (“Both the United States and Florida Constitutions provide that persons shall not be ‘compelled’ to be witnesses against themselves in any criminal matter .... Thus, to be admissible in a criminal trial, the State must prove that the confession was not compelled, but was voluntarily made.”) (citations omitted).
 

 The trial court applied the correct legal standards in determining that Nowak neither waived her
 
 Miranda
 
 rights nor voluntarily spoke with police. Because the trial court’s findings of fact on these issues are supported by competent, substantial evidence, we affirm this portion of the trial court’s order without further comment.
 
 Weiss,
 
 965 So.2d at 843. Consequently, the State cannot use the statements that Nowak made during her custodial interview with police at trial.
 

 The Evidence Seized from Nowak’s Car
 

 Generally, when police locate physical evidence using information illegally obtained from a defendant, they are also barred from using that physical evidence at trial.
 
 See, e.g., Wells v. State,
 
 975 So.2d 1235, 1238 (Fla. 4th DCA 2008) (“Under the ‘fruit of the poisonous tree’ doctrine, the exclusionary rule bars the admission at trial of physical evidence ... obtained directly or indirectly through the exploitation of the police illegality.”). An exception exists where the State is able to demonstrate that it would have discovered the evidence anyway, by legal means.
 
 See, e.g., State v. Duggins,
 
 691 So.2d 566, 568 (Fla. 2d DCA 1997) (“The inevitable discovery rule is an exception to the fruit of the poisonous tree doctrine. Under this exception, evidence obtained as the result
 
 *218
 
 of unconstitutional police procedures may still be admissible if it is shown that the evidence would ultimately have been discovered by legal means.”). To gain admission of the physical evidence, the State had to demonstrate not only that it would have found the vehicle without using information illegally obtained from Nowak, but also that it would have then had a legal basis to search the vehicle without relying upon Nowak’s statements.
 

 Nowak disclosed the location of her car to police, as part of her illegally obtained statement. However, the trial court found that law enforcement would have found the vehicle legally, even if No-wak had not led them to it. This finding is supported by competent, substantial evidence. The investigating officer testified about the normal investigative measures that he would have employed to find out what vehicles Nowak regularly drove (starting with a call to her employer, NASA) and also testified that his agency would have searched the hotel parking lot where the vehicle was found based upon a document in Nowak’s possession at the time of her arrest (which contained directions to this hotel).
 
 [2]
 
 Accepting the trial court’s factual finding on this issue, we conclude that any evidence seized from Nowak’s car is admissible under the inevitable discovery doctrine, as long as law enforcement had a legal basis to search the car when they found it.
 
 See McDonnell v. State,
 
 981 So.2d 585, 591 (Fla. 1st DCA 2008) (“For the inevitable discovery doctrine to apply, the state must establish by a preponderance of the evidence that the police ultimately would have discovered the evidence independently of the improper police conduct by ‘means of normal investigative measures that inevitably would have been set in motion as a matter of routine police procedure.’ ”) (quoting
 
 Hatcher v. State,
 
 834 So.2d 314, 317-18 (Fla. 5th DCA 2003)).
 

 This takes us to the final conclusion reached in the order on appeal. The trial court found that law enforcement could not legally search the vehicle because they did not have probable cause to believe that it contained any additional evidence of the crimes that they ultimately charged in this case.
 
 [3]
 
 We view this issue differently.
 

 
 *219
 
 A determination of whether certain facts give rise to probable cause is treated as a question of law and reviewed de novo.
 
 Connor v. State,
 
 808 So.2d 598, 606 (Fla.2001). As we explained in
 
 Polk v. Williams,
 
 565 So.2d 1887, 1390 (Fla. 5th DCA 1990):
 

 Probable cause is a practical, commonsense question.
 
 Illinois v. Gates,
 
 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527, 543 (1983). It is the probability of criminal activity, and not a prima facie showing of such activity, which is the standard of probable cause.
 
 Spinelli v. U.S.,
 
 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The determination of probable cause involves factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.
 
 Brinegar v. U.S.,
 
 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879, 1891 (1949).
 

 Applying this standard, as long as law enforcement had a practical, commonsense basis to conclude that Nowak’s car likely contained additional evidence of her alleged criminal conduct, they had probable cause to search the car.
 
 Id.
 

 In this case, the items already lawfully seized from Nowak, along with the
 
 victim’s statement to police,
 
 clearly indicated prior planning (Nowak knew of the victim and had traveled all the way from Texas to accost her with pepper spray, while wearing a disguise and carrying a C02 powered BB pistol, a steel mallet, a buck knife, rubber tubing, and several large plastic bags). These facts and items also evidence a plan that likely extended beyond the airport parking lot. Given the backward-looking (prior planning) and forward-looking (future plan) nature of the facts known to law enforcement, separate and apart from any information illegally obtained from Nowak herself, it was simply a practical, common-sense conclusion that evidence of Nowak’s planning and plan would likely be found in the vehicle that brought her to the encounter, and to which she would return. This is all that was required to show probable cause.
 
 Id.
 
 Accordingly, we find that the trial court erred in its conclusion that law enforcement lacked probable cause to search the car and reverse that portion of the order that required suppression of the evidence seized from the car.
 

 In all other respects, the trial court’s order is affirmed.
 

 AFFIRMED IN PART; REVERSED IN PART.
 

 ORFINGER and MONACO, JJ., concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [2]
 

 . This document was validly seized in the search incident to Nowak’s lawful arrest.
 
 See, e.g., Jenkins v. State,
 
 978 So.2d 116, 125-26 (Fla.2008). The document is a computer-generated map showing the route between the Orlando International Airport and the hotel where Nowak’s car was parked, along with accompanying directions for travel between the airport and this hotel.
 

 [3]
 

 . The trial judge also found that Nowak did not voluntarily consent to the search of her vehicle. We accept this finding. However, police do not need a warrant or the consent of the owner to search an automobile so long as they have probable cause to believe that the vehicle contains contraband or evidence of a crime.
 
 See State v. Betz,
 
 815 So.2d 627, 631 (Fla.2002) (explaining that in
 
 Carroll v. United States,
 
 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), the United States Supreme Court carved out an "automobile exception” to the warrant requirement, pursuant to which law enforcement officers may lawfully search an automobile without a search warrant, so long as they have probable cause to believe that the vehicle contains contraband or evidence of a crime). Nowak suggests that the automobile exception is only applicable if special "exigent circumstances” exist, requiring the State to also show that the car might have been moved before they could have secured a warrant. We reject this argument.
 
 See State v. Green,
 
 943 So.2d 1004, 1005-06 (Fla. 2d DCA 2006) (explaining why " '[i]t is clear [based upon United States Supreme Court precedent] that the justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court’s assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police
 
 *219
 
 to obtain a warrant’ ”) (quoting
 
 Michigan v. Thomas,
 
 458 U.S. 259, 261, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982)).