WHATLEY, Judge.
 

 Stephen Dannell Gardner, Jr., was charged with resisting arrest without violence and possession of cocaine with intent to sell, and in this appeal, the State of Florida challenges an order granting Gardner’s motion to suppress the cocaine found in his car. We conclude that the trial court erred in granting the motion to suppress because there was probable cause to search the car, and we therefore reverse.
 

 At the hearing on Gardner’s motion to suppress, Detective Joseph Zagar testified that he met with Pierre Hodges on August 11, 2009. Hodges stated that at about 4 p.m. on that day, Gardner and another man surrounded him, and the other suspect pointed a gun at him and tried to shoot him.
 
 [1]
 
 Although the victim tried to knock the gun away, it fired and the bullet hit the ground. Both Gardner and the shooter then got into a red Chrysler Concorde and left the area. Gardner, with whom Detective Zagar was familiar, drove the getaway car, and Hodges did not state that the shooter discarded the gun before getting into Gardner’s car. Another person in the area heard the gunshot, saw Gardner in the area, and saw him get in his car and leave.
 

 When Detective Zagar was leaving the victim’s home about two hours later, he saw the red Chrysler Concorde and followed it to a parking lot. When the car stopped, Gardner was the only person in the car and he was the registered owner of the car. Detective Zagar told Gardner that he was going to be arrested for attempted murder and Gardner, who was sitting in the driver’s seat at the time, resisted being placed under arrest.
 

 After police officers were able to place Gardner under arrest, they had a K-9 walk around his car. The dog alerted to the presence of drugs in the trunk of the car and, although officers searched the passenger area of the car, they could not search the trunk because it was locked. The car was placed in a secure area at the police department, and Detective Zagar
 
 *220
 
 searched the car the following morning and found cocaine in a cigar tube in the pocket of the driver’s side door.
 

 In its order, the trial court cited to
 
 Jaimes v. State,
 
 862 So.2d 833, 836 (Fla. 2d DCA 2003), in ruling as follows:
 

 Absent a search warrant, there are three valid means by which law enforcement may search a vehicle: (1) incident to a valid arrest; (2) under the “automobile exception” to the warrant requirement which requires exigent circumstances coupled with probable cause; and (3) when a vehicle has been impounded, as part of a reasonable inventory search following standardized procedure.
 

 (Citations omitted.)
 

 The State did not argue at the suppression hearing that police could search the vehicle pursuant to a recent arrest, and the trial court ruled that, because the other two circumstances did not apply, Detective Zagar’s search of the vehicle was unlawful.
 

 Regarding the third ground justifying a warrantless search of an automobile, we agree with the trial court that the search was not a reasonable inventory search where the State did not establish that police complied with standardized criteria.
 
 See Patty v. State,
 
 768 So.2d 1126, 1127 (Fla. 2d DCA 2000).
 

 However, as to the first two grounds noted above which would justify a warrant-less search of an automobile, in
 
 Arizona v. Gant,
 
 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), the Supreme Court clarified these two grounds, holding that “[pjolice may search a vehicle incident to a recent occupant’s arrest only if the arres-tee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.” As to the first ground, as noted above the State did not argue that the search was valid pursuant to a recent arrest and the record shows that Gardner was clearly not within reaching distance of the automobile at the time of the search.
 

 Nevertheless, turning to the second ground justifying a warrantless search, we conclude that Detective Zagar did have a reasonable belief that Gardner’s car contained evidence of the offense of arrest, and therefore, the trial court erred in suppressing evidence found during the search.
 
 See State v. Nowak,
 
 1 So.3d 215, 219 (Fla. 5th DCA 2008) (“A determination of whether certain facts give rise to probable cause is treated as a question of law and reviewed de novo.”).
 

 The trial court mistakenly believed that even when probable cause exists, exigent circumstances are required before police can search a vehicle. The trial court held that when the vehicle was impounded, “all exigency disappeared as the only people with access to the vehicle was law enforcement.” In
 
 Michigan v. Thomas,
 
 458 U.S. 259, 261, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982), the Supreme Court noted that “when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrant-less search of the vehicle, even after it has been impounded and is in police custody.”
 

 In
 
 State v. Green,
 
 943 So.2d 1004, 1006 n. 1 (Fla. 2d DCA 2006), this court noted that exigent circumstances are no longer “required in order to apply the automobile exception to the warrant requirement.” Therefore, the issue is whether police had probable cause to search Gardner’s car, irrespective of the fact that the search was conducted at the police station.
 

 We agree with the trial court that the K-9 alert did not provide probable
 
 *221
 
 cause to search, because the State did not meet the requirements outlined in
 
 Harris v. State,
 
 71 So.3d 756 (Fla.2011). However, we conclude that regardless of the K-9 alert, police had probable cause to search the car based on the attempted shooting that occurred two hours earlier.
 

 In
 
 Chambers
 
 v.
 
 Maroney,
 
 399 U.S. 42, 44, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), two men armed with guns robbed a gas station at night. Two witnesses saw a blue compact station wagon circling the block near the gas station and, about the same time that the gas station was robbed, they saw a car speed away from a parking lot near the station with four men in the car.
 
 Id.
 
 Within an hour, police stopped a light blue compact station wagon with four men about two miles from the gas station, and the car was taken to the police station and searched and two guns were found.
 
 Id.
 
 The Supreme Court held that police had probable cause to search the blue compact station wagon for guns and stolen money because it was linked to the robbery.
 
 Id.
 
 at 47, 90 S.Ct. 1975.
 

 Similarly, in
 
 Beck v. State,
 
 181 So.2d 659, 660 (Fla. 2d DCA 1966), a liquor store was robbed at gunpoint and the robber was seen leaving the area in a tan Lincoln Continental. Two witnesses followed the car and saw it park in an athletic club parking lot, and the witnesses later showed a police officer where the car was parked.
 
 Id.
 
 at 661. After observing a paper bag on the floor of the passenger’s side and a nickel plated revolver on the front seat, police searched the car.
 
 Id.
 
 This court held that based on all the facts and circumstances, police had probable cause to search the car and that the appellant’s motion to suppress was properly denied.
 
 Id.
 
 at 662;
 
 see State v. Jackson,
 
 368 So.2d 66, 69 (Fla. 3d DCA 1979) (holding that police clearly had probable cause to search car where two men robbed a grocery store and drove to apartment complex twenty miles away, the robbery victims followed them and called police, and police arrived and searched the car);
 
 see also Ruiz v. State,
 
 743 So.2d 581, 582 (Fla. 4th DCA 1999) (concluding that police had probable cause to seize car where someone fired a shotgun from the car on the interstate).
 

 In the present case, Detective Zagar had probable cause to search Gardner’s car for evidence related to the shooting. Even though the person who carried the gun was not in the car when it was stopped, according to the victim, Gardner was working with the shooter during the incident and both men left the scene in Gardner’s car. Further, the shooting occurred only two hours before the car was stopped.
 
 See Nowak,
 
 1 So.3d at 219 (holding that police had probable cause to search car because “it was simply a practical, common-sense conclusion that evidence of No-wak’s planning and plan would likely be found in the vehicle that brought her to the encounter” with the victim where the evidence showed that Nowak drove from Texas to accost the victim).
 

 Accordingly, we reverse the order granting the motion to suppress. Police could permissibly search the car because there was probable cause to believe that evidence relating to the shooting would be found in the car. We remand this case for proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 WALLACE, J„ Concurs.
 

 VILLANTI, J., Concurs in result only.
 

 [1]
 

 . Hodges identified Gardner by a nickname during his first interview with Detective Zagar and later identified him in a photopack before Gardner’s car was stopped. After the car was stopped and Gardner was placed under arrest, Hodges identified him at the scene.