IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

     Appellant,

v.                                                                    Case No.  5D12-4442

JAMES EMORY CARTNER,

     Appellee.

_____/

Opinion filed July 11, 2014

Appeal from the Circuit
Court for Orange County,
Bob Leblanc, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellant.

James S. Purdy, Public Defender, and
James  R. Wulchak and Nancy Ryan,
Assistant Public Defender, Daytona
Beach, for Appellee.


PALMER, J.

     The State appeals the trial court's order granting the suppression motion filed by

James Cartner (defendant).[1] Determining that the police had probable cause to arrest the

defendant, we reverse.

_____

     [1] Appellate jurisdiction is proper pursuant to rule 9.140(c)(1)(B) of the Florida Rules
of Appellate Procedure.

The defendant was charged by amended information with committing the crime of traveling to meet a minor for an unlawful sexual act[2] and solicitation of a minor *via* a computer.[3] The charges were based on conduct occurring during a child sex-sting operation. The defendant filed a pre-trial motion to suppress all evidence resulting from his arrest. The trial court granted the motion. This appeal timely followed.

The State contends that the trial court's suppression order must be reversed because the court erred in concluding that law enforcement lacked probable cause to arrest the defendant. We agree.

The defendant's charges were based on conduct occurring on October 29, 2011, the third day of the sting operation and the day of the defendant's arrest. The facts, as testified to by the witnesses presented at the suppression hearing, are that a detective with the Citrus County Sheriff's Office was working as a "chat" person for the task force's sting operations. On the first day of the instant sting, the detective posted a message on a dating website identifying herself as the aunt of a 14-year old girl, and stating that she and her niece were interested in "hanging out" and "having fun". The detective portrayed both roles. Big Blues 83 responded to the detective's initial posting. Some of the communications contained a photograph purportedly of Big Blues 83. A number of sexually explicit e-mails and instant messages from Big Blues 83 followed.

At one point, the "niece" asked if Big Blues 83 was coming over to her house. He asked where they could meet, and she said that he could come to the house or they could meet somewhere close by. He responded: "Well how about we meet somewhere

---

[2] § 847.0135(4)(a), Fla. Stat. (2010).
[3] § 847.0135(3), Fla. Stat. (2010).

2

close and that way if you don't like me you can tell me and no harm done". They then agreed to meet at a local Starbucks.

Meanwhile, the police matched the photograph in Big Blues 83's electronic communications to a photograph of the defendant in the Driver And Vehicle Identification Database. They then provided a photograph, as well as a description of the vehicle registered to the defendant, to a take-down team located near Starbucks. When the defendant arrived at the Starbucks' parking lot, at the appointed time and in the vehicle registered to him, he was arrested.

The trial court concluded that suppression of all evidence seized after the defendant's arrest was warranted because the arrest was premature since there was no proof that any crime had been committed. Additionally, the court held that suppression was warranted because the State presented no evidence which established that the defendant was Big Blues 83 and, therefore, there was no probable cause to arrest him.

"To establish probable cause, the State must demonstrate that an officer had reasonable grounds to believe that the arrestee committed a crime." Hughes v. State, 132 So. 3d 933, 935 (Fla. 1st DCA 2014). "A determination of whether certain facts give rise to probable cause is treated as a question of law and reviewed de novo." State v. Nowak,1 So. 3d 215, 219 (Fla. 5th DCA 2008). Accord State v. Littles, 68 So. 3d 976, 978 (Fla. 5th DCA 2011); McCarter v. State, 463 So. 2d 546, 548–49 (Fla. 5th DCA 1985).

The trial court first concluded that the defendant's arrest was premature because law enforcement had no evidence, prior to the arrest, establishing that Big Blues 83 was the defendant.

3

The trial court erred in so ruling because the State introduced excerpts of electronic communications sent by Big Blues 83, and those documents contained an identification photograph next to Big Blues 83's name. The police were able to use that photograph to determine the defendant's identity as well as the type of vehicle which was registered in his name. When the defendant arrived at Starbucks at the designated time in the vehicle registered in his name, the police had probable cause to arrest him.

The trial court further concluded that suppression was warranted because the "supposed meeting to be held at Starbucks … was not for purposes of having sex, but for deciding if the Defendant and the aunt 'like' each other enough to continue the discussion at another time. No evidence exists of any intent to engage in sexual activity at the place and time of the arrest." We disagree.

The State's evidence was sufficient to support an arrest on the solicitation charge. Section 847.0135 reads, in relevant part, as follows:

> **847.0135. Computer pornography; prohibited computer usage; traveling to meet minor; penalties**
> …
> Certain uses of computer services or devices prohibited.- Any person who knowingly uses a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
> Seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice, a child or another person believed by the person to be a child, to commit any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any unlawful sexual conduct with a child or with another person believed by the person to be a child;
> …
> commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. …

Here, the State presented evidence indicating that Big Blues 83 knowingly used a computer to solicit the under-age "niece" to commit an illegal sex act. Transcripts of the communications between the parties establish that the defendant was the first person to explicitly mention sex between the parties, and his comments established Big Blues 83's intent to engage in sexual contact with the under-age "niece".

REVERSED and REMANDED.

LAWSON and LAMBERT, JJ., concur.