KLEIN, J.
The trial court granted defendant’s motion to suppress on the ground that de *655 fendant was in custody, but not given a Miranda[1] warning before admitting, in response to a question from the officer, that he had drug paraphernalia in his pocket. We reverse.
Defendant was stopped for riding a bicycle at night without proper reflectors and, after being asked by the deputy whether he had weapons or drugs on him, responded that he had drug paraphernalia, which he handed to the deputy. The trial court granted the motion to suppress because it concluded that defendant was not free to leave and that this required a Miranda warning before questioning. The court reasoned that this was the equivalent of custodial interrogation; however, we agree with the state that there was nothing which occurred during this valid stop which would have transformed it into a custodial interrogation. Reversed.
STEVENSON and MAY, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).