SALTER, J.
The State of Florida appeals a circuit court order granting defendant Amy Hinman’s motion to suppress physical evidence and statements. We reverse.[1]
In connection with a narcotics investigation, two law enforcement officers received a “be on the lookout” for a vehicle driving in a certain area and direction. The officers then noticed a vehicle driven by the defendant that matched the description provided to them. After observing the vehicle commit a traffic violation, the two officers turned on the lights and siren on their marked police vehicle and initiated a traffic stop. The defendant concedes that the traffic stop was lawful.
Without administering a Miranda warning,[2] the officers went to the defendant’s vehicle and one of them (immediately after saying “good morning or good afternoon”) asked the defendant whether she had any weapons or drugs in the car. During the evidentiary hearing on the motion to suppress, the officer testified that he asked the question as a matter of safety and as a customary policy.
The officer testified that the defendant hesitated, “like a look of fear on her face,” and then answered that she had a bag of *221 pills. The pills ultimately were alleged to be over 28 grams of hydrocodone, in violation of section 893.135(l)(c)l.c., Florida Statutes (2009). The officer asked the defendant to step out of her car, which she did, and she then pulled the bag of pills from a pocket and placed it on the hood of the car. Before granting the motion to suppress, the court posed the question:
[The defendant is] being stopped for the traffic violation. And she’s asked the question, when [the officer is] stopping her for a traffic violation, and I think he was quite clear, that she was stopped for a valid traffic violation. How is that question regarding drugs, especially in light of the fact that you are stopping her for a valid traffic violation, and [the officer] also knows that he is following this person and stopping her for the narcotics team. How is it okay to ask that question? How is that question not designed to elicit an incriminating response?
In the case of a lawful traffic stop such as this, however, “persons temporarily detained pursuant to such stops are not ‘in custody5 for the purposes of Miranda.” Berkemer v. McCarty, 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). The Fourth District concluded, in a similar case (though involving a lawful bicycle stop rather than a lawful automobile stop), that a preliminary question asked of the defendant “by the deputy whether he had weapons or drugs on him,” followed by the defendant’s admission that he had drug paraphernalia, and a voluntary surrender of them to the deputy, did not transform it into a custodial interrogation. State v. Sherrod, 893 So.2d 654, 655 (Fla. 4th DCA 2005).[3]
Similarly, in Hewitt v. State, 920 So.2d 802, 803-04 (Fla. 5th DCA 2006), a drug patrol officer, with four or five other officers of the drug patrol unit present, legally stopped the defendant’s car for a traffic violation:
For officer safety reasons, Peek [the officer] asked Hewitt if she had a gun, knives or drugs on her person. Hewitt started crying and said she had some “weed” on her. Hewitt retrieved two bags of marijuana. Officer Peek then arrested Hewitt. Upon searching Hewitt incident to arrest, Peek found a bag containing 14 grams of cocaine in Hewitt’s possession. Officer Peek did not Mirandize Hewitt before asking her if she had any drugs.
The Fifth District affirmed the trial court’s denial of Hewitt’s motion to suppress, rejecting her argument that the police improperly initiated custodial interrogation without warning her of her constitutional rights. Id. at 805. In the case at hand, the preliminary question, “Do you have any weapons or drugs?” did not by operation of law transform the lawful traffic stop into a formal arrest or custodial interrogation.
The order granting the defendant’s motion to suppress physical evidence and statements is reversed.

. While the trial court’s findings must be affirmed if supported by competent, substantial evidence, we review de novo the court’s application of the law to those facts. E.g., Jackson v. State, 18 So.3d 1016, 1027 (Fla.2009).

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The Fifth District reached the same conclusion in a case which also involved a bicycle stop (riding with no lights at 3:30 a.m.) and a police officer’s "single question about whether [the defendant] was in possession of weapons or drugs." State v. Stone, 889 So.2d 999, 1000 (Fla. 5th DCA 2004).