LAWSON, J.
The State of Florida appeals an order granting defendant Patrick G. Janush-eske’s motion to suppress cocaine seized from his person, along with admissions made to law enforcement regarding the cocaine. Accepting as fact those findings made by the trial court that are supported *968 by competent, substantial evidence, and reviewing the court’s application of the law to those facts de novo, see, e.g., Jackson v. State, 18 So.3d 1016, 1027 (Fla.2009), we reverse.
Unidentified citizens called law enforcement to report that a man was threatening to kill people gathered near a food truck in a bar parking lot. An officer responded, and several people immediately identified Janusheske, who was seated on a curb nearby, as the person who had been uttering the threats. As the officer was approaching Janusheske,[1] he asked whether Janusheske “had any weapons or drugs on him.” Janusheske responded that he did not have any weapons, but did have some “blow” (cocaine) in his pants pocket. The officer patted Janusheske down, but felt nothing. Janusheske then pulled a small baggie containing a white powdered substance out of a pocket and handed it to the officer. The officer field-tested the substance, to confirm the presence of cocaine, and arrested Janusheske.
The State filed a two-count information charging Janusheske with possession of cocaine and possession of drug paraphernalia. The public defender was appointed to represent Janusheske, and filed a motion to suppress the items seized from Janusheske, and his admissions. The sole basis for the suppression motion was that the officer’s pat down violated Janush-eske’s Fourth Amendment right to be free from an unreasonable search, as explained in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), because the officer had no objectively reasonable basis to conduct a protective pat-down search for weapons. After evidence was taken at the suppression hearing, defense counsel reiterated that “this argument and all my case law stems out of Terry ... [and the requirement] that in order to conduct a pat down, the officer must have reasonable suspicion that a crime has occurred, and reasonable suspicion that the individual was armed and dangerous.... ” The argument focused primarily on the facts that the officer detected no bulges in Janush-eske’s pockets and that Janusheske had made no “furtive movements” prior to the officer’s pat down.
In response, the State correctly observed that:
Terry ... doesn’t apply in this case because no pat-down search was conducted until the Defendant admitted to possessing cocaine, which is a felony offense. At that point, the officer had ... probable cause to [search] the Defendant. ...
As argued by the State, law enforcement’s warrantless search of a person does not run afoul of the Fourth Amendment so long as the officer has probable cause to believe that the person is carrying illegal contraband before starting the search. See, e.g., Doctor v. State, 596 So.2d 442, 444-45 (Fla.1992). The State was also eminently correct in arguing that Janush-eske’s admission to having cocaine in his pocket provided that probable cause. See, e.g., State v. Olave, 948 So.2d 995, 997 (Fla. 4th DCA 2007) (“his admission that he possessed Xanax provided probable cause to search him”). Accordingly, we find that the trial court erred in finding a Fourth Amendment violation, and in granting the motion to suppress on this basis.
During the hearing, the trial court also expressed concern about the officer’s question to Janusheske that elicited his incriminating response. In this regard, we *969 note that suppression of the evidence would be warranted pursuant to rights protected by the Fifth and Fourteenth Amendments to the United States Constitution if Janusheske had been in custody when the officer posed his question, since the officer did not administer Miranda warnings[2] before asking the question. See, e.g., Rhode Island v. Innis, 446 U.S. 291, 300-01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) (“[T]he Miranda safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent.”) (emphasis added). Given the factors used to determine whether an individual is “in custody” for Miranda purposes, see, e.g., Ramirez v. State, 739 So.2d 568, 574 (Fla.1999), we see no basis for an argument that Janusheske was in custody while sitting alone on a curb, as the officer approached him without a weapon drawn and without giving any command indicating to Janusheske that he was being detained. See also State v. Hinman, 100 So.3d 220, 221 (Fla. 3d DCA 2012) (holding that persons temporarily detained pursuant to a lawful traffic stop “are not ‘in custody’ for the purposes of Miranda.”) (quoting Berkemer v. McCarty, 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)); Hewitt v. State, 920 So.2d 802, 803-04 (Fla. 5th DCA 2006) (finding no Miranda violation when defendant admitted to possessing “weed” in response to officer asking “if she had a gun, knives or drugs on her person” during a lawful traffic stop because defendant was not in custody when the question was asked); State v. Sherrod, 893 So.2d 654, 655 (Fla. 4th DCA 2005) (holding that a deputy’s preliminary question to a defendant inquiring as to whether he “had weapons or drugs on him” did not transform a lawful bicycle stop into a custodial interrogation).
Accordingly, we reverse the suppression order and remand this case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
EVANDER and COHEN, JJ„ concur.

. The officer clarified that he did not pull his gun or threaten Janusheske in any way, although the arrest report indicates that the officer approached with caution, given the nature of the reported threats.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).