# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5245
_____

XAVIER YOUNG,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Liberty County.
Barbara K. Hobbs, Judge.

April 9, 2019

PER CURIAM.

    Appellant, Xavier Young, appeals his convictions and sentences for multiple offenses, challenging the trial court's denial of his motion to suppress statements he made to law enforcement. Appellant argues that his statements were unlawfully obtained in violation of *Miranda*.[1]  For the reasons that follow, we affirm.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

## BACKGROUND

Appellant was charged with felony fleeing or attempting to elude an officer (Count 1), driving without a valid driver's license (Count 2), possession of cannabis (Count 3), and possession of paraphernalia (Count 4). He sought the suppression of his alleged statements in response to the deputy's questions of "what happened" and "is there anyone else in the car" on the ground that he was subjected to custodial interrogation and had not been read his *Miranda* rights. The State, on the other hand, contended that Appellant was not subjected to custodial interrogation and the deputy asked the questions for officer safety reasons.

At the suppression hearing, as well as at trial, Deputy Heath Cutshaw testified as follows. Around 2 a.m. on October 26, 2016, while on patrol in his marked agency vehicle in a rural area with "no lighting around," he attempted to conduct a traffic stop on a Chevy for a faulty headlight. When the Chevy did not stop, Cutshaw activated his emergency siren and overhead lights. Instead of stopping, the Chevy accelerated to over 100 miles per hour, turned off its headlights, and swerved back and forth before eventually crashing into a tree. When Cutshaw arrived at the crash scene and exited his patrol vehicle, he saw Appellant "walk out from the vehicle" and walk towards him. At that point, Cutshaw drew his service weapon and ordered Appellant to the ground while he remained behind his vehicle. As soon as Appellant complied, Cutshaw asked him, without *Miranda* warnings, whether there was anybody else in the car and what happened. Cutshaw explained that he ordered Appellant to the ground at gunpoint and posed those questions to him for officer safety reasons because he was the only officer at the scene, he did not know why Appellant was walking towards him and whether there were other occupants in the car, and he could not see everything in the dark. Appellant responded that no one was inside the vehicle and that he had fled because he did not have a driver's license and there was marijuana in the center console. Cutshaw did not ask further questions. When backup arrived about thirty minutes later, Appellant was handcuffed, and inside the vehicle the deputies found a marijuana grinder with residue and some marijuana buds. Appellant was then arrested.

The trial court denied the motion, ruling, "I don't find him in custody. I think the officer did what he needed to do to protect himself on the street. I mean, you've got a shadow coming towards you after a high speed chase, he's lucky he didn't have a bullet in his head."

At trial, Appellant testified in part that he was merely a backseat passenger in the Chevy and that he did not answer the deputy's questions while held at gunpoint because he was not advised about his *Miranda* rights. The jury found Appellant guilty as charged, and the trial court adjudicated him guilty on each count and sentenced him to eighteen months of imprisonment on Count 1 and to time served on Counts 2 through 4. This appeal followed.

## ANALYSIS

A trial court's ruling on a motion to suppress is presumed correct, and we must interpret the evidence and the reasonable inferences that can be derived from it in a manner most favorable to sustaining the trial court's ruling. *State v. Dickey*, 203 So. 3d 958, 961 (Fla. 1st DCA 2016) (noting that it is the trial court's function to make credibility determinations and to weigh the evidence). We defer to the trial court's findings of fact if supported by competent, substantial evidence, but review *de novo* the application of the law to those facts. *Id.*

For *Miranda* warnings to be required, the suspect must be subject to in-custody interrogation. *Ross v. State*, 45 So. 3d 403, 414 (Fla. 2010). The determination of whether a defendant was in custody involves a mixed question of law and fact and the following inquiries:

> [F]irst, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave. Once the scene is set and the players' lines and actions are reconstructed, the court must apply an objective test to resolve the ultimate inquiry: was there a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.

3

*Id.* at 414-15 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 663 (2004)). Courts are to consider the following four factors in making that determination:

> (1) the manner in which police summon the suspect for questioning; (2) the purpose, place, and manner of the interrogation; (3) the extent to which the suspect is confronted with evidence of his or her guilt; [and] (4) whether the suspect is informed that he or she is free to leave the place of questioning.

*Id.* (quoting *Ramirez v. State*, 739 So. 2d 568, 574 (Fla. 1999)).

However, a person who is detained based on reasonable suspicion pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), is not necessarily in custody for purposes of *Miranda*. *Johnson v. State*, 800 So. 2d 275, 279 (Fla. 1st DCA 2001) (citing *Berkemer v. McCarty*, 468 U.S. 420 (1984), where the Supreme Court held that "persons temporarily detained pursuant to [routine traffic] stops are not 'in custody' for the purposes of *Miranda*"). Nor is an investigatory stop automatically converted into an arrest when an officer draws a weapon and directs the suspect to lie on the ground; instead, "the police are entitled to take such action as is reasonable under the circumstances." *Carroll v. State*, 636 So. 2d 1316, 1318 (Fla. 1994); *see also State v. K.N.*, 66 So. 3d 380, 385 (Fla. 5th DCA 2011); *Saturnino-Boudet v. State*, 682 So. 2d 188, 191 (Fla. 3d DCA 1996). Further, a traffic stop or investigatory stop is not transformed into a custodial interrogation or formal arrest when police ask the person if he or she has any weapons or drugs—such inquiry is permissible. *See State v. Hinman*, 100 So. 3d 220, 221 (Fla. 3d DCA 2012); *State v. Martissa*, 18 So. 3d 49, 52 (Fla. 2d DCA 2009); *State v. Olave*, 948 So. 2d 995, 996-97 (Fla. 4th DCA 2007); *Hewitt v. State*, 920 So. 2d 802, 805 (Fla. 5th DCA 2006); *see also Johnson*, 800 So. 2d at 279 (concluding that the appellant was not in custody for *Miranda* purposes where he was briefly detained and, without *Miranda* warnings, asked the open-ended question, "what happened?").

Here, the parties disagree about whether Appellant was in custody at the time Deputy Cutshaw inquired of him so as to trigger the *Miranda* warning requirement. Although Appellant is correct in arguing that a reasonable person in his position would

4

not have felt free to leave, he overlooks the fact that he was detained during an undisputedly lawful investigatory stop. It is uncontested that the deputy attempted to conduct a lawful traffic stop and turned on his blue lights and siren. Instead of stopping, the suspect vehicle sped up to speeds in excess of 100 miles per hour, turned off its headlights, and swerved back and forth before crashing into a tree. When the deputy caught up with the vehicle, Appellant approached him from the crashed vehicle. The deputy testified that he was the only officer at the scene, it was dark in the area, he did not see how many occupants the car had, and he could not clearly see the area. As such, for officer safety reasons, he drew his weapon as Appellant was approaching him and ordered him to the ground. Under these circumstances, the deputy's actions of drawing his weapon and ordering Appellant to the ground were reasonable and did not transform the lawful investigatory stop into a formal arrest. The deputy then immediately asked Appellant, "was there anybody else in the vehicle" and "what happened." Those questions were proper for officer safety reasons and did not convert the investigatory stop into custodial interrogation requiring *Miranda* warnings.

Turning to the factors we must consider in determining whether Appellant was in custody, he was not summoned for interrogation; the questioning took place during an investigatory stop that followed a high-speed chase, the vehicle crashing, and Appellant approaching the deputy; at the time, the deputy did not know what, if any, involvement Appellant had and whether there were others around for it was dark outside; the deputy was the only officer at the scene and was concerned for his safety; the deputy's actions and questions were limited to ensuring his safety and he asked no further questions; and Appellant was not confronted with any evidence of his guilt.[2] For the foregoing reasons, we agree with the trial court that Appellant was not in

---

[2] The fact that Appellant was held at gunpoint on the ground for nearly thirty minutes while the deputy waited for backup is irrelevant to the determination of whether he was in custody for purposes of *Miranda* because it is undisputed that the deputy made his inquiries immediately upon ordering him to the ground.

5

custody for the purposes of *Miranda*; as such, Deputy Cutshaw was not required to advise him of his constitutional rights.

## CONCLUSION

Accordingly, we hold that the trial court properly denied the motion to suppress and affirm Appellant's convictions and sentences.

AFFIRMED.

LEWIS, WETHERELL, and WINOKUR, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Andy Thomas, Public Defender, and Colleen Mullen, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Jennifer Moore, Assistant Attorney General, Tallahassee, for Appellee.